JAMES M. BAKER et al. vs. RICHARD H. CHISHOLM et al.—
Appeal from De Witt County.

[See same case, 20 Tex. 16.]

Courts established by law cannot transcend the jurisdiction given by the law of their creation; their powers cannot be enlarged by intendment, so as to embrace objects not expressed in the law. [1 Tex. 664; 6 Tex. 457; 9 Tex. 313, 544; 10 Tex. 216; 21 Tex. 166; 28 Tex. 230; 30 Tex. 115.]

An appeal cannot confer upon the appellate court a jurisdiction which the court *a quo* did not possess.

Case stated in the opinion of the court.

NEILL for appellant.

CUNNINGHAM for appellee.

Mr. Justice WHEELER delivered the opinion of the court.

This is an appeal from a judgment of the district court, dismissing an appeal from a decision of the county court, in the matter of a contested election of the seat of justice of the county of De Witt.

It appears that an election was held, under the act of 1848 [p. 63], to locate permanently the seat of justice of the county of De Witt; that the chief justice of the county, in pursuance of the authority conferred upon him by the 6th section of the act, declared "Cameron" the seat of justice of the county; that the appellees contested the election, contending that "Clinton" had received a majority of the legal votes. Subsequently the county court took cognizance of the controversy between the friends of the two places, and decided that the latter was the place "legally elected the seat of justice of the county of De Witt." From this decision an appeal was taken to the district court. That court dismissed the appeal; and from that judgment an appeal was taken to this court.

The act which authorized this election [sec. 6] provides that the election shall be conducted agreeably to the law regulating elections; that the returns be made to the chief justice of the county; and that he shall publish the result, and declare the place receiving the highest number of votes the legal seat of justice of the county.

The authority conferred upon the chief, justice of the county by this statute was special, and restricted to one express object. No mode is provided for revising his decision, either by the special statute which conferred the authority or by any general law. His exercise of the authority conferred was definitive and final. [8 Gill & Johns. 443; 1 Scammon, 511.]

The act of 1846 [p. 209, sec. 23], under which the county court assumed to act in proceeding to revise the decision of the chief justice, did not invest it with that authority. It gave to the county court jurisdiction to try contested elections of officers, but not of *county seats*. The latter object cannot be brought within the operation of the statute by implication. The jurisdiction given to the county court by the statute is a special and limited jurisdiction, and cannot be enlarged by intendment so as to embrace objects not expressed; but must be restricted to the authority specially conferred, in the cases expressly provided for.

Courts established by written law cannot transcend the jurisdiction given by the law of their creation. [4 Cranch, 75; 6 Wheat. 119.]

The proceedings of the county court in the matter of this election were, therefore, *coram non judice* and void; and afforded no ground of jurisdiction, by appeal, in the district court. [23 Pick. 110.]

An appeal cannot confer upon the appellate court a jurisdiction which the court *a quo* did not possess. [5 Martin, N. S. 9; 1 Texas R. 653.]

But had this been a case within the statute, conferring upon the county court jurisdiction of contested elections, there is no provision giving an appeal from the decision. And in Field *vs.* Anderson this court has, in effect, decided that an appeal does not lie from a tribunal possessing a special and limited jurisdiction, unless given by an express provision. [1 Texas R. 437; and see 3 Ham. 277; 14 Mass. 420; 7 Pick. 321.]

We are of opinion, therefore, that there was no error in the judgment dismissing the appeal; and that it be affirmed.