### William B. Coffee and another v. G. G. Haynes.

A suit to enforce the vendor's lien, is not included in the tenth exception to the general rule, that an inhabitant of the state must be sued in the county of his residence; and property of the defendant, in a county other than that of his residence, will not authorize a suit to enforce the vendor's lien thereon, in the latter county.

Appeal from Caldwell. Tried below before the Hon. Alex-ander W. Terrell.

This suit was brought by George G. Haynes against William B. Coffee and James Daughtrey, on a note for $400, given for a tract of land, lying in Caldwell county, where the suit was in-

stituted. The plaintiff sued for the amount of the note, and to subject the land, on which he claimed the vendor's lien, to sale, for the payment of the said debt.

The petition alleged the residence of Coffee to be in Burnet county, and that of Daughtrey, in Llano county, both, in the state of Texas. The defendants excepted to the jurisdiction of the court, because they were not sued in either of the counties, in which they resided; which exception was overruled, and judgment was rendered for the plaintiffs, for the sum of $442.66; and the land was decreed to be subject to the vendor's lien of the plaintiff, and ordered to be sold, to satisfy the said judgment. The defendants appealed, and assigned this ruling as ground of error.

*Hancock & West*, for the appellants.

*S. Ford*, for the appellee.

ROBERTS, J.—The general rule is, that an inhabitant of the state, must be sued in the county of his residence. The tenth exception to this rule, is "in cases for foreclosure of mortgages, in which cases, suit may be instituted in the courts where the mortgaged property, or any part therof, may be." This does not include, the case of a suit to enforce the vendor's lien. They are two very distinct species of liens upon property; and although the reason for making the vendor's lien an exception, might seem to be as good as for a mortgage, it does not follow that the statute, by including one species of lien, also included the other. We think, therefore, the court erred in sustaining the exception to the plea of privilege, filed in this case. (O. & W. Dig. 111, Art. 401.) Judgment reversed and cause remanded.

Reversed and remanded.