CHAMPION COWAN ET AL. v. WILLIAM J. NIXON.

The 17th section of the 4th article of the constitution of 1845 declares, that justices of the peace shall have such civil and criminal jurisdiction as shall be provided by law. (Paschal's Dig., p. 59, sec. 17, Note 187.)

This does not define the power of justices of the peace, but leaves to the legislature to create and control their powers.

Justices of the peace derive from legislative grant their entire jurisdiction, and they must exercise it in the manner and within the limits prescribed by the legislature.

Courts established by written law cannot transcend the jurisdiction given them by the law of their creation.

The 25th section of the act of 20th March, 1848, clearly defines the jurisdiction of justices of the peace as to subjects-matter; and the 30th section of the act clearly defines where persons shall be sued. (Paschal's Dig., Arts. 1187, 1188, Notes 442, 443.) The general rules and the exceptions are here stated at full length. The exceptions must be strictly pursued. Other exceptions exist in other statutes, such as joint obligations and suits for forcible entry and detainer. (Paschal's Dig., Arts. 1217, 1218, 3870.)

But there is no statute in this State which expressly subjects a person residing in the State to a suit outside of his own county for damages to land.

The eleventh exception to the 1st section of the act of May 13, 1846, regulating proceedings in the district courts, (Paschal's Dig., Art. 1423,) cannot be extended by intendment to suits in justices' courts for damages to land, so as to confer upon those courts a jurisdiction in such cases over a resident of a different county.

It being contended that statutes treating of superior courts are also applicable to inferior ones, unless there be special exceptions, or the nature of the case renders them inapplicable, it is *held,* that however this may be with regard to matters of practice, it is not true when sought to be applied to a question of jurisdiction.

If the eleventh exception to the 1st section of the district court act of 1846 could be construed to extend to justices' courts, then the 30th section of the act to organize justices' courts repealed the exception as to them. (Paschal's Dig., Arts. 1188, 1423, Notes 443, 533.)

APPEAL from Bastrop. The case was tried before Hon. A. W. TERRELL, one of the district judges.

The case is fully and clearly stated in the opinion of the court.

*Chandler & Turner,* for the appellants, cited 1 Hill, 139; 3 Tex., 158; 17 Wend., 485; 10 Peters, 473; and O. & W. Dig., Arts. 401 and 1101.

*Geo. W. Jones,* for appellee.—The justice of the peace had jurisdiction, though defendants resided in a different precinct.

Appellants' counsel cite and rely with great confidence upon Art. 1101, O. & W. Dig., which declares, "that no person shall be sued before any justice of the peace, except in the precinct where such person resides, or in the pre-

cinct where the cause of action accrued, if in the same county." (Paschal's Dig., Art. 1188.)

Considered abstractly, the statute might bear the construction of appellants' counsel; but, taken in connection with Art. 401, O. & W. Dig., (Paschal's Dig., Art. 1423, Note 533,) which declares, that "no person, who is an inhabitant of this State shall be sued out of the county where he has his domicil, except in the following cases," &c., the conclusion becomes inevitable, that the latter determines the jurisdiction as to county, and the former as to precinct in the county; in other words, where suit is brought in the county of defendant's residence, he must be sued in the precinct in which he resides, or where the cause of action accrued. It is not denied that the case at bar is within the eleventh exception in article 401, but it is insisted that the act does not apply to justices' courts. And why not? The language of the law is general. The reason is the same in the one case as the other. It is said, however, that it is an act to regulate proceedings in the district court, and does not therefore apply to inferior tribunals.

The rule that statutes treating of inferior persons and things do not apply to those of superior grade is not true conversely. But statutes treating of superiors do apply to inferiors, unless there be special exception, or the nature of the case renders them inapplicable. This is peculiarly the case as applied to courts, otherwise law in one court might not be law in another, though under the same sovereignty, and although the reason of the law might be the same in one court as the other; and hence not only inevitable, but interminable confusion would result. Take our own system of administrative justice for example.

Art. 409, district court act, O. &. W. Dig.: "The style of all writs and process shall be 'The State of Texas.'" The only provision under the head "justices' court," is Art. 1102, O. &. W. Dig.: "All process from a justice of

the peace, except in criminal cases, shall be under the hand of such justice, directed to some lawful officer," &c. (Paschal's Dig., Art. 1180.)   No style is prescribed.   Comment is unnecessary.

Again, Art. 405, district court act, O. & W. Dig.: "No civil suit shall be instituted, nor shall any process be had in any civil suit, on Sundays, except in cases of attachment and sequestration."   Art. 406, next succeeding section, same act: "No civil suit in the district court shall be instituted," &c.   Mark the distinction: in the 1st section the language is general; in the 2d specific, showing that in the first instance the legislature had in mind courts generally, in the latter the district court only.   But the main point is, that unless Article 405 applies to inferior courts, suit may be instituted, process issued, had, and cause tried on Sundays; for otherwise the rule, "inclusive of one, exclusive of the other," must apply, supplanting whatever might be the common-law rule on the subject as applied to inferior tribunals.

Again, in the district court suit may be dismissed and judgment taken, &c., but in no case shall plaintiff dismiss as to principal, and take judgment against surety or indorser.   The justices' court act contains similar provisions as to dismissal of suit, but no exception in favor of surety or indorser.   Can suit in justices' court be dismissed as to principal, and judgment taken against the surety?

These several examples sufficiently illustrate the absurdity of the theory, that the acts regulating proceedings in the district court do not apply to inferior tribunals, but lead unavoidably to the conclusion, that all the acts regulating proceedings in the several courts constitute one entire system of administrative justice; and are, therefore, *in pari materia*, and must be construed together; hence, too, results the conclusion, that justices' courts, being inferior, the several acts relating thereto constitute but provisoes in the main law, and must be construed in harmony with the

general system. But it may be insisted that the language, "no person shall be sued out of his precinct," must be taken literally.

Where a literal construction leads to absurd consequences, the letter of the law will not be pursued, is a rule too familiar to require argument or authority.

To illustrate "absurd consequences," it is only necessary to refer to the case of administrators. Why are they not allowed to be sued out of the county where the estate is administered?

In the case of Neill v. Owen, 3 Tex., 146, the court said, "That the probate court before which a full return of administration is required would be the better enabled to understand the good faith with which the trust had been discharged." And in the case of Richardson and Wife v. Pruitt, 3 Tex., 223, "The administrator is but an agent for the management of property belonging to others, and if this agency be conducted in one place, its condition can be easily ascertained by persons interested in its affairs. The vouchers, documents, and evidence necessary to support the rights of the estate, or to prove the fidelity of the administrator, are of easy access, and can be procured without expense or trouble. But were the forum of the domicil or of other localities to exclude that, granting administration of the estate, the affairs of the succession might be scattered over several counties, and confusion, increased expenses, and opportunities for fraudulent mismanagement and collusion with claimants would be the inevitable consequence."

Do not these reasons apply with more force to justices' than to district courts?

In conclusion, it is respectfully suggested, that contemporaneous exposition sustains the jurisdiction of the justice of the peace.

"Great regard," says Lord Coke, "ought to be paid in construing a statute to the construction which the sages of

the law, who lived about the time or soon after it was made, put upon it, because they were best able to judge of the intention of the makers at the time the law was made."

And such also is the maxim of the civil law. (Dwarris, 362.) The same principle has been held by the Supreme Court of the United States. (Stuart v. Laird, 1 Cranch, 299.)

Public policy requires that an interpretation being acquiesced in should not be suddenly discarded, as it would result in confusion and injury to society.

WILLIE, J.—The appellee brought suit before James Taylor, a justice of the peace for the county of Bastrop, against the appellants, to recover of them damages to the amount of $100 for trespassing upon his land and cutting down and carrying away timber therefrom. Appellants, at the time of the institution of the suit, were residents of the county of Caldwell, but the land upon which the trespass was charged to have been committed was situated in Bastrop county. Appellants appeared before the justice and entered a plea in proper form to the jurisdiction of the court in which they were sued, alleging that they were not at the time of the institution of the suit residents of the beat in which the justice presided, nor of the county of Bastrop, but were at that time residents of beat No. 1, in Caldwell county. This plea was overruled by the justice, upon exception thereto, and appellants plead over to the merits of the action. A jury was impanneled, a trial had, and a verdict and judgment rendered against appellants for the $100 damages. They applied to the judge of the second judicial district for a writ of *certiorari* to remove the proceedings to the District Court, which was granted. Upon the trial *de novo* in said court their plea to the jurisdiction of the justice was again overruled, and verdict and judgment for $100 damages rendered against him. From this judgment they have appealed to this court, assigning seve-

ral errors, only one of which, however, is insisted on in argument, and this is the only one which it will be necessary to notice. This assignment is, that the court erred in overruling the plea to the jurisdiction of the justice.

The question for us to consider and determine under this asignment is, can an action for damages to land be brought before a justice of the peace in the precinct where the land lies, when the defendant is a resident of another county?

The provision of the constitution of 1845, under which the legislature established justices' courts, is found in the 17th section of the 4th article, and is in these words: "Justices of the peace shall have such civil and criminal jurisdiction as shall be provided by law." Thus, the constitution itself does not undertake to provide what jurisdiction such courts shall have, but confers that power on the legislature. Hence, whatever jurisdiction these courts possess they derive exclusively from legislative grant, and hence, also, they must exercise it in the manner and within the limits prescribed by the power creating them. Courts established by written law cannot transcend the jurisdiction given by the law of their creation. (Baker v. Chisholm, 3 Tex., 158.)

In pursuance of the authority thus conferred upon them, the legislature, by the act of March 20, 1848, undertook to define the exact jurisdiction which justices' courts should possess, and the limits within which it should be exercised. By the 25th section of that act they make provision in plain and positive terms as to the subject-matter over which they should have and exercise jurisdiction, and by the 30th section of the same they establish the bounds within which it must be exercised. (O. & W. Dig., Arts. 1100, 1101; Paschal's Dig., Arts. 1187, 1188, Notes 442, 443.)

This latter section provides as follows: "No person shall be sued before any justice of the peace except in the pre-

cinct where such person resides, or in the precinct where the cause of action accrued, if in the same county: *Provided, however,* That if there be no justice of the peace in the precinct where the defendant resides, then such defendant may be sued in the nearest precient where there is a justice: *Provided, also,* That where a defendant has no fixed place of board or residence, he may be sued before any justice of the peace in the county: *And provided, also,* That where a defendant resides in an incorporated city or town, then he may be sued before any justice of the peace within the limits of the incorporation. In all cases the residence of a married man shall be deemed to be where his family resides, and that of a single man where he boards." (Paschal's Dig., Art. 1188.)

The general rule laid down in this section protects a person from suit in a precinct other than that in which he may reside. The cases in which suit may be brought in any other precinct are exceptions to this general rule; and in order to give a justice jurisdiction over a non-resident of his precinct, such person must come strictly within some of the exceptions mentioned in this section, or in other statutes passed by the legislature in reference to justices of the peace. The defendants in this case did not fall within the exceptions set forth in the above section; for, although the cause of action arose against them in the precinct of Justice Taylor, neither of them was a resident of the same county in which his precinct was situated, but both resided in the county of Caldwell.

There are other exceptions to the above general rule besides those laid down in the section which established it, which exceptions it is hardly necessary to enumerate, as the defendants do not fall within any of them. Thus, it is provided, that a defendant may be sued in a precinct and county different from that in which he may reside, when he is liable to be jointly sued with some other person who is a resident of such precinct or county. (O. & W., Art.

1106, 1107.) If an action of forcible entry and detainer, any justice of the peace in the State has jurisdiction, &c. (Id., 933.) But there is no provision in any statute which expressly subjects a person residing in this State to an action for damages to land before a justice of the peace in a county different from that of his residence. In fact, it is a general rule, applying as well to district as to justices' courts, that an inhabitant of this State must be sued in the county of his residence. The exception by which it is attempted to subject him to suit in a different county must be clearly applicable. Our late Supreme Court held, in the case of Coffee v. Haynes, (24 Tex., 190,) that a suit to enforce a vendor's lien must be instituted in the county of the defendant's residence, though an action to enforce a a mortgage might be brought in the county where the mortgaged property was situated. This decision was based upon a strict construction of the tenth exception, as to venue, contained in the district court act of 1846.

But it is said in argument, that the jurisdiction claimed in this instance is to be derived by implication from the eleventh exception, contained in Art. 401, O. & W. Dig. This article is the 1st section of the act of May 13, 1846, regulating proceedings in district courts. It provides that no person shall be sued out of the county where he has his domicil, except in certain named cases. The eleventh exception is where the recovery of land, or of damages thereto, is the object of the suit; it must be instituted in the county where the land, or a portion thereof, is situated. It is attempted to extend this provision by intendment to suits for damages to land commenced in a justice's court; and it is said that statutes treating of superior courts apply also to inferior tribunals, unless there be special exceptions, or the nature of the case renders them inapplicable.

We have already laid it down as a principle of law, that courts established by written law cannot transcend the

jurisdiction given by the law of their creation. This prin-
ciple is supported by numerous authorities, and was applied
in limiting the jurisdiction and powers of justices of the
peace in several cases decided by our late Supreme Court.
(See Aulanier v. Governor, 1 Tex., 664; Foster v. McAd-
ams, 9 Tex., 544.) If we are to look only to statutes creat-
ing justices' courts and defining their powers, for their juris-
diction, they can take none by implication from that given
to a superior tribunal. . We know of no authority for the
principle, that laws treating of superior courts apply also
to inferior ones, at least as to jurisdiction, however true it
may be as to matters of practice.

The legislature did not recognize any such doctrine, so
far as rules of evidence and the practice in reference to
executions is concerned, for they thought it necessary to
specially provide, that the rules of evidence prescribed for
the government of district courts, where the same did not
conflict with the provisions of the justices' court act, should
govern in the proceedings of said last mentioned courts, so
far as the same were applicable, and also that the laws
regulating executions in the district courts should in the
same manner apply to the courts of justices of the peace.

The action of trespass *quare clausum fregit* was local by
the common law. (Chitty on Plead., 271.) The first
clause of the 1st section of the district court act of 1846
would have repealed the common law in this respect,
but for the subsequent saving contained in the eleventh
exception. The justices' court statute of 1848 does so
repeal it. And if, by any possible construction, we could
hold that the former act extended also to inferior tribu-
nals at the time it took effect, the last-mentioned statute,
passed two years subsequently, and confining the juris-
diction of justices in such cases to the county in which
their precincts were situated, would operate as a repeal of
that act, so far as these courts were concerned. It was
doubtless the intention of the law that parties should not

be forced to attend courts in counties distant from their homes, in order to defend suits for such small amounts as those falling within the jurisdiction of a justice of the peace.

We conclude, therefore, that the justice before whom this suit was brought had no jurisdiction of the case, but that the defendants were entitled to be sued in the precinct of their residence in Caldwell county. The judgment is therefore reversed, and the cause remanded, with directions to the court below to reverse the judgment rendered by the justice of the peace, and to cause the suit instituted before said justice to be dismissed.

REVERSED AND REMANDED.