## T. J. HAYS v. G. W. STONE.

1. Since the passage of the act of December 10th, 1863 (Paschal's Digest, Article 1423), amendatory of the act of May 13th, 1846, a vendor's lien may be enforced in the county in which the land lies, notwithstanding the defendant's domicile be in a different county. A plea in abatement, therefore, in such an action, that defendant was a resident of a different county than that wherein the suit was brought and the land was situate, presented an immaterial issue, and might have been treated as a nullity.

2. To a suit brought in J. county to enforce a vendor's lien on land lying therein, the defendant first pleaded to the merits, but afterwards, by leave of the court, withdrew his pleas to the merits, and pleaded in abatement that he was a resident of P. county, and not liable to be sued

in the county of J. The issue thus presented was submitted to a jury, and verdict returned for the defendant ; whereupon the court dismissed the plaintiff's suit. *Held,* that it was error to allow the plea to the jurisdiction after pleas to the merits had been filed ; that the insufficiency of the plea to the jurisdiction was not cured by the verdict, notwithstanding the plaintiff's omission to except to it, or to move that it be struck out as a nullity ; and that, as the pleas to the merits had been withdrawn, the plaintiff should have moved in the court below for judgment *non obstante veredicto.* As the case stood, his motion for a new trial should have been granted ; and when that was overruled, his motion in arrest of judgment should have prevailed.

3. Verdicts cure defects of form, but not of substance, in pleadings.

4. Though a party was entitled to judgment *non obstante veredicto,* this court will not feel obliged to enter such judgment, when the party omitted to move for it in the court below.

APPEAL from Jack. Tried below before the Hon. Charles Soward.

The opinion of the court clearly states all material facts.

*Hancock & West* and *A. J. Hood,* for the appellant.

*W. E. Hughes,* for the appellee. Did the court below err in dismissing plaintiff's suit ? and, if so, is it such an error as will reverse the judgment ?

We say not : upon several grounds—and

*First.* Because appellant, if he wished to contest the legal sufficiency of the plea in abatement, should have demurred. Not having done so, but having gone to trial and taken the chances of a verdict in his favor, the court might well hold him estopped from afterwards raising a question as to its legal sufficiency.

*Second.* Because the court might in the exercise of its discretion, have rightfully taxed plaintiff below with the cost of dismissal for disregarding an established rule of pleading and practice, and uselessly consuming the time of the court, as a penalty for pleading over ; and when the only effect of this ruling is the payment of a bill of cost of about fifteen dollars, plaintiff has no just ground of complaint in this court, even if an error had been committed. Under such circumstances, we

hold the judgment should be affirmed, on the principles, " *De* " *minimis non curat lex.*"

*Third.* Because the action, as brought, did not come under the tenth exception in the statute of December 10th, 1863, as contended, and if brought to enforce a lien at all, such enforcement was but incident to another principal action.

*Fourth.* Because a vendor's lien is not within the purview of the statute of 1863.

Plaintiff's suit was dismissed and cost taxed on him, as the legal consequence of his' going to trial voluntarily, without demurrer, on a plea in abatement, which at the request of both parties was separately submitted to the jury and their verdict taken thereon, after they had both announced ready for trial on the issue of fact joined, viz. : " That the court had no jurisdic-" tion of the cause, from the fact that the defendant's residence " was in the county of Parker at the institution of the suit, and " that fact was notorious and well-known."

It was admitted by both parties that if the issue of fact was found for the defendant that the suit would abate. The defendant plead this fact; the plaintiff admitted it by not denying its legal sufficiency by demurrer; hence the court held that plaintiff, by waiving demurrer, and taking the chance of a verdict on the issue of fact, should be estopped from denying the legal sufficiency of the plea after verdict against him. The court holding that it was no part of the business of the court to look to pleadings not presented, to learn whether the suit had been brought under an exception to the statute.

The only pleadings before the court was the plea in abatement, which, taken alone as it stood, was surely good. There was no demurrer to it; a verdict was taken upon it on a contested issue of fact.

Hence, we hold that even had the petition shown that the suit was brought under the tenth exception (which we deny), still it was not the duty of the court to look to pleadings not before it, and raise questions not raised by counsel; and it was in the discretion of the court to dismiss the suit at plaintiff's

.cost, as a penalty for pleading over, and consuming the time of the court by jury trial on an immaterial issue. It was, we say, in the sound discretion of the court to tax the cost against the party so pleading; even if the law, had such question been raised, had been in his favor. Under the circumstances, we think there was no error; or, at least, not such error as will require a reversal of the judgment.

Nothing would be lost by bringing a new suit. It is not shown that there would have been any statutory bar. Hence we contend that under the circumstances plaintiff has no just ground of complaint, even take the case in the strongest light for him.

The verdict was responsive to the issue, and the judgment of the court followed as a legal consequence. As has been said by a member of this honorable court, in a case decided at the present term: "The verdict is the judgment of the jury upon " the facts submitted to them, and the judgment of the court " must follow the verdict, and that alone. It therefore follows " that the entry of the judgment of the court involves no judi-" cial or discretionary power, but is simply a ministerial act " which follows the verdict as a matter of course."

We will put the case in the most favorable light that it can possibly be viewed for appellant; admit, for the sake of argu-ment, that it is an action of debt, and to foreclose or enforce a vendor's lien; admit that the averments in the petition are suf-ficient to support the prayer for the sale of the land; admit that it affirmatively appears that the proper parties are before the court; admit that the tenth exception applies to a vendor's lien; still the ruling of the court below must be sustained on principle—to say nothing of the question of pleading and prac-tice upon which alone the case was considered in the court below.

And why so? Because the case at bar is not a specific action to foreclose a lien. It is without the exceptions contended for, and simply an action of debt, and incident thereto an action to enforce a lien.

Such an action cannot be brought in the county where the land lies, different from the county of defendant's residence, even when the incident action is to enforce an express lien clearly within the statute. (See Higgins v. Frederick, 32 Tex., 285.)

The case cited is a much stronger case than the one at bar, and being on a mortgage lien was clearly within the tenth exception. Says the learned Chief Justice, in delivering the opinion in the case last cited (page 285), "The statute provides in " the tenth exception, for those cases only where the foreclosure " of mortgages or liens is the specific object of the suit; it would " seem that the foreclosure of the mortgage must be the prin- " cipal cause of the action, and not a mere incident to another " action."

In the case quoted from, the suit was instituted in the county where the mortgaged premises were situated, not the county of defendant's residence. Defendant in that cause plead in abatement, as in the case at bar. Exceptions were sustained to the plea, and a judgment rendered for the debt claimed to be due, and for the foreclosure of the mortgage, which judgment was reversed and remanded.

It seems to us that this case of Higgins v. Frederick, just cited, is conclusive of the case now before the court, even as argued by appellant's counsel.

That was a much stronger case than this. The question was there decided on the express lien clearly within the exception; while appellant's case rests upon an implied lien, which, if it comes within the purview of the statute at all, is at least doubtful.

It cannot be said, in the case at bar, but that the claim for money, if not the only, is at least the "principal cause of " action."

WALKER, J. This was an action brought in the county of Jack to foreclose a vendor's lien. In the original petition it is set forth that the residence of the defendant was to the plaintiff

unknown. 'A supplemental petition was filed on discovering the residence of the defendant to be in Parker county. The defendant was brought into court by citation, and in due course of proceeding plead to the merits of the action.

On the day of trial, the defendant asked leave of the court to withdraw his pleas, general and special, to the merits of the action, which leave was granted; whereupon, further leave having been obtained, the defendant filed a plea in abatement, setting up that he was a resident of Parker county at the commencement of the suit, and could not, therefore, be sued in the county of Jack. A jury was called to try the issue thus presented, and, after hearing evidence, returned their verdict in favor of the defendant. Upon this verdict the court dismissed the plaintiff's action at his costs.

It is nowhere denied but that the land sought to be subjected to the vendor's lien was situated in the county of Jack.

Under the act of May 13th, 1846, Oldham & White's Digest, Article 401, this suit would have been improperly brought, as was decided in Coffee v. Haynes, 24 Texas, 190. But on the 10th of December, 1863, the act of 1846 was amended by inserting, in the tenth exception to the general rule that persons must be sued in the county of their residence, the words "or "lien," and also the words "or property subject to lien." Under this amendment of the law, this action, being to enforce a vendor's lien on lands situated in the county of Jack, was properly brought in that county.

The court erred in admitting a plea to the jurisdiction, after a plea in bar had been filed. The issue tendered and passed upon was totally immaterial, and all other defenses having been withdrawn, the plaintiff was entitled to a judgment and decree *non obstante veredicto*. But the plaintiff, it seems, did not move for a judgment, but asked for a hearing on the merits. If the motion had been made for judgment, notwithstanding the verdict in the District Court, and refused, we should enter such judgment in this court, and it is only upon the overruling of a motion in such cases, that we shall feel under obligation to

enter the judgment which the District Court should have entered.

It is insisted by the appellee's counsel that the appellant should have demurred to the plea in abatement, if he thought the issue presented immaterial. This might have been done. The more proper practice would have been by motion to strike out the plea, as coming too late after plea to the merits. But the plaintiff lost nothing by failing to demur. The verdict did not cure the defect in the pleading. In Ryan v. Jackson, 11 Texas, 400, it was held by the court that an answer which sets up no legal defense, and presents no material issue to the jury, should be treated as a nullity. (See also Brewer v. West, 2 Texas, 376.) Verdicts only cure the informality of pleading. They leave all substantial legal defects open to be taken advantage of by motion in arrest of judgment, and it made no kind of difference whether the appellants saw proper to demur to the plea in abatement or not.

The motion for a new trial should have been sustained by the court; but this not being done, the motion in arrest of judgment should have been sustained, and it was error to dismiss the cause.

The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.