## EX PARTE J. D. McGREW.

1. A justice of the peace has no power to impose a fine for a larger amount than $100 ; nor is his jurisdiction, as defined by the act of August, 13, 1870, enlarged, in the absence of legislative action, by the 17th Section of Article 5 of the Constitution.

2. Section 17 of Article 5 of the Constitution does not affirmatively confer jurisdiction on justices of the peace, but only permits their jurisdiction to be so extended as to embrace all cases less than felony whenever the Legislature, acting under its general power of defining the jurisdiction of justices of the peace, shall so provide.

3. When the return to the writ of *habeas corpus* disclosed that the magistrate

in assuming to finally try the relator, who was charged with crime, had exceeded his jurisdiction, this court will examine witnesses concerning the accusation.

On the sixteenth of April, 1874, the relator, J. D. Mc-Grew, was tried before James. W. Smith, a justice of the peace of Travis county, on a charge of aggravated assault and battery. He was found guilty by the verdict of a jury, and his punishment assessed at a fine of $500 and twelve months imprisonment in the county jail. Under a warrant of commitment issued by the magistrate directing his imprisonment for the period found by the jury, he was confined in jail. .

He applied to this court for a writ of *habeas corpus*, directed to the sheriff of Travis county, on the twenty-second of April, 1874, in which the above facts were set forth, and which were verified by the return made by the respondent.

*Sheeks & Sneed* and *E. Higby*, for relator.

*Geo. Clark, Attorney-General*, for respondent.

Roberts, Chief Justice.—In this case, the writ having been granted, the prisoner was brought into court by the sheriff of Travis county, with a return upon the writ, showing that the prisoner had been sentenced to imprisonment in the county jail of Travis county for one year, and fined five hundred dollars, by a justice of the peace of Travis county, upon a conviction before said justice for an aggravated assault and battery, and had been committed to said jail to suffer his said punishment of imprisonment. .

The main question before us is the jurisdiction of the justice of the peace to try a case of aggravated assault and battery, and render a final judgment of conviction thereon, as the commitment returned by the sheriff shows was done in this case.

We are of opinion he had not such jurisdiction.

The Constitution of 1869, Section 20, Article 5, provides, that "justices of the peace shall have such civil and criminal jurisdiction as shall be provided by law."

In Cowan v. Nixon, 28 Texas, 236, this court said: "The provision of the Constitution of 1845, under which the Legislature established justices courts, is found in the 17th Section of the 4th Article, and is in these words: 'Justices of the peace shall have such civil and criminal jurisdiction as shall be provided by law.' Thus the Constitution itself does not undertake to provide what jurisdiction such courts shall have, but confers that power on the Legislature. Hence, whatever jurisdiction these courts possess they derive exclusively from legislative grant; and hence, also, they must exercise it in the manner and within the limits prescribed by the power creating them. Courts established by written law cannot transcend the jurisdiction given by the law of their creation." (Baker v. Chisholm, 3 Texas, 158.)

The law passed on the thirteenth of August, 1870, provides, that "justices of the peace shall have and exercise jurisdiction to try all suits and actions in behalf of the State, or any county thereof, or any individual, to recover penalties, fines and forfeitures, where such penalty, fine or forfeiture shall not exceed one hundred dollars."

Thus it will be perceived that the extent of fine which they have power to impose is limited to one hundred dollars as a maximum. (Paschal's Digest, Article 6280.)

To prevent misconception on the subject of forfeitures, it may be proper to remark, in this connection, that this limitation may not apply to forfeitures on "bail bonds given for the appearance of any parties at their respective courts," as provided in the 2d Section of the law referred to. (Paschal's Digest, Article 6284.)

It is contended that the justice of the peace had juris-

diction to finally try this case, under the 17th Section of Article 5 of the Constitution of 1869, which is as follows:

"Every criminal offense that may by law be punished by death, or, in the discretion of the jury, by imprisonment to hard labor for life, and every offense that may by law be punished by imprisonment in the State penitentiary, shall be deemed a felony, and shall only be tried upon an indictment found by a grand jury. But all offenses of a less grade than a felony may be prosecuted, upon complaint under oath, by any peace officer or citizen, before any justice of the peace or other inferior tribunal that may be established by law; and the party so prosecuted shall have the right of trial by a jury, to be summoned in such manner as may be prescribed by law."

The leading object of this section is to classify offenses into felonies and those less than felonies; to require that those which shall be deemed felonies, under the description there given, "shall only be tried upon an indictment found by a grand jury," and, at the same time, to provide that those less than felonies may be prosecuted, upon complaint under oath, before a justice of the peace or other inferior tribunal provided by law, and in such case the right of trial by a jury is also secured. The cases wherein an indictment is absolutely required, and a complaint under oath simply is permitted, are distinctly pointed out, and that seems to be the main object of the section. When a complaint under oath is permitted to suffice, it is contemplated that the trial is to be before a justice of the peace, or other inferior tribunal established by law; and then, also, the party prosecuted shall have the right of trial by a jury, thereby dispensing with the grand jury, but not with a petit jury, in trials upon a complaint under oath.

The object of the section is not to constrain the justice's court to assume jurisdiction, or to directly or indirectly confer it affirmatively, but to permit it to be conferred,

and to regulate the mode of accusation and trial when it is conferred. It permits the jurisdiction of the justice of the peace to be extended so as to embrace all offenses less than felony, when the Legislature may desire it, under its general power of defining the jurisdiction of the justice's court in Section 20 of Article 5 of the Constitution. It might even be competent to extend its jurisdiction to embrace felonies, if a grand jury and indictment were provided for, as well as other proceedings incidental to that mode of charging an offense. This is mentioned merely to call attention to the fact that the Constitution has confided to the Legislature the power to define and to prescribe the extent of the jurisdiction of the justice of the peace.

There is no inconsistency in the section conferring upon the Legislature the right of limitation of the power of fine to one hundred dollars, and the spirit and intent of the 17th Section of the 5th Article of the Constitution; the one being a general power to confer jurisdiction on justices of the peace, and the other permitting and requiring certain regulations to be observed in the exercise of the jurisdiction when it may be conferred by the Legislature.

It is to be particularly observed that this is not a case wherein the prisoner is in custody during a proceeding progressing before a court of competent jurisdiction, nor is the matter complained of merely an erroneous action of a court having jurisdiction of the subject matter, which would be the proper subject of appeal to or correction by some higher court having a supervising or controlling power over the tribunal whose erroneous action is complained of.

It is a case where the justice's court had jurisdiction to have the party arrested and bound over to the District Court, inasmuch as the offense exceeded his jurisdiction of final trial. But having assumed and fully exercised

the right of final trial, rendered a judgment of conviction, and issued his commitment to the sheriff, the matter stands before this court as a case of imprisonment under a conviction by a court having no jurisdiction of the subject matter for which the imprisonment is adjudged, and therefore it is illegal.

By the Constitution the District Court is given "power to issue the writ of *habeas corpus*, and all other writs necessary to enforce their own jurisdiction, and to give them a general superintendence and control over inferior tribunals." And our statute gives that court the right finally to try appeals from the justice's court. It would therefore be the more appropriate court to apply to for the correction of errors or irregularities in the proceedings of inferior tribunals.

Where, however, as in this case, the justice of the peace has not done that which he had power to do, to-wit, bind the party over to the District Court, but has gone further, and done something he had no power to do, by assuming jurisdiction to finally try, convict and sentence to punishment, for an offense not within his jurisdiction, that is an illegality, a "complete defect in proceeding," a finality, that renders the imprisonment under his mandate unauthorized and illegal, and justifies this court (having the power to issue a writ of *habeas corpus*) in relieving against it. (Hurd on *Habeas Corpus*, 332, 333, 334, 335, 336; Paschal's Digest, Article 2606.)

The case being before us, it is deemed proper to examine the return of the sheriff, and also the proceedings before the justice of the peace submitted with the application, in order to ascertain the cause of imprisonment, but also to go further and examine witnesses concerning the charge of aggravated assault, made before the justice of the peace. This examination of witnesses having been waived by the parties before the court, upon the prisoner consenting to be bound over to the District Court of

Travis county to answer the State of Texas upon the charge of aggravated assault, it is adjudged by this court that the prisoner be discharged from his imprisonment, upon entering into such a bail bond, with sufficient sureties, to be approved by this court. (Paschal's Digest, Articles 2627, 2628.)

JUDGMENT ACCORDINGLY.