THOMAS, PUSEY & CO. v. ANDREW T. JONES.

1. SUITS BY PUBLICATION—STATEMENT OF FACTS.—In suits where service is had by publication, the law is imperative that the court must make out and incorporate with the record of the case a statement of the facts proven on the trial.

2. STATEMENT OF FACTS.—This is not complied with by filing the papers upon which the judgment was rendered. It must appear that the court recognized the papers as the evidence adduced.

· ERROR from Washington.   Tried below before the Hon. I. B. McFarland.

*Breedlove & Ewing,* for plaintiffs in error.

· *J. E. & Seth Shepherd,* for defendant in error.

MOORE, ASSOCIATE JUSTICE.—The plaintiffs in error were sued as non-residents, and service was had upon them by publication.  No appearance having been made by them, a judgment by default was rendered in favor of plaintiff, Jones, for the amount found by the clerk to be due on the instrument in writing declared on in the petition.

It is assigned as error that no statement of the facts proven on the trial of the cause was made out and incorporated with the record of the case, as required by law. (Pas. Dig., art. 1488.)  As has been frequently held by the court, the statute is peremptory, and an omission to comply with its requirements will be fatal on error.  (McFadden v. Lockhart, 7 Tex., 573; Chrisman v. Muller, 15 Tex., 159; Davis v. Davis, 24 Tex., 190.)  This is not controverted by the defendant in error.  He insists, however, that the statute was, in effect, complied with by his filing with the clerk, on the day the judgment was rendered, the written instruments described in his petition upon which this suit was founded.  We cannot agree with him that the mere filing of the instruments in writing upon which the judgment was rendered, with the papers

in the case, is compliance with the statute. The object of the law is that the record may, for the benefit and protection of the defendant, fully and clearly show upon what evidence the *ex parte* judgment of the court is rendered. To this end the court is required to "make out and incorporate with the records of the case the statement of the facts proven therein." This is not done by the mere file mark of the clerk. It must appear that the court has recognized the papers filed as the evidence. Less than this complies with neither the letter nor the spirit of the law. The case of Hill *v.* Baylor, 23 Tex., 263, upon which defendant relies, falls far short of supporting this judgment. In that case the statement of facts was incorporated into the judgment entry, and must necessarily have received the direct approval of the court. In this record there is nothing to show that the court had any knowledge that the instruments in writing which were offered in evidence were filed by the clerk. Although an inspection of the petition, judgment, and instruments found on file with the papers may induce the belief that they were the same from which the clerk assessed the damages for which the judgment was rendered, it is only a matter of inference and deduction; but this is not the way in which the statute intends the facts proven on the trial shall be ascertained or made known.

Several other grounds of error have been assigned; but as they are not necessary for the disposition of the case, it is unnecessary for us to consider them at this time.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.