## EX PARTE C. D. COSNER.

PENSION LAW. — This court has no appellate jurisdiction over proceedings in the County Courts disposing of applications for pensions, made under the act of July 28, 1876.

APPEAL from the County Court of Fannin. Tried below before the Hon. W. A. EVANS, County Judge.

No brief for the appellant.

*H. H. Boone,* Attorney-General, moved to dismiss the appeal.

WHITE, J. Appellant in this case made application to the County Court of Fannin County for a certificate for a pension, under the provisions of the act of July 28, 1876, entitled "An act to provide annual pensions for the surviving soldiers of the Texas Revolution, and the surviving signers of the Declaration of Texas Independence, and the surviving widows of such soldiers and signers." Gen. Laws

·Fifteenth Legislature, 61, 62.   Section 6 of said act provides that " the court [county] may hear evidence both in support of, and contradictory to, the application, and shall give or withhold the certificate as the facts may warrant." In this case the court, on the trial, rejected and refused the application, and withheld the certificate.   It is from this judgment or order that this case is appealed to this court.

The appellate jurisdiction of this court is prescribed by the first clause of the 6th section of article 5 of the Constitution, in these words :

"The Court of Appeals shall have appellate jurisdiction, co-extensive with the limits of the state, in all criminal cases of whatever grade, and in all civil cases — unless hereafter otherwise provided by law — of which the County Courts have original or appellate jurisdiction."

And the character and nature of the cases permitted to be appealed from the County Court to this court are enumerated and defined in the 3d section of the act of June 16, 1876.   Gen. Laws Fifteenth Legislature, 18 ; and the 3d section of the act of August 18, 1876 (Gen. Laws Fifteenth Legislature, 172, 173).   In neither of these acts, nor in the pension act under which the proceedings in this case were had, is the right of appeal expressly given to this court from the judgment of the County Court withholding the certificate.   Nor do we think, upon a just construction of the Pension Act, that the general appellate jurisdiction conferred upon this court by the 6th section of article 5 of the Constitution, quoted *supra*, will confer upon this court the ·right to entertain appeals in such cases.

The act itself, with reference to its objects and purposes, and the mode of procedure by which those objects might be attained by the parties entitled to the rights and benefits conferred therein, is not only *sui generis*, but the procedure indicated must be strictly pursued ; and the action had is entirely different from the ordinary proceedings in the

County Court in civil cases. The proceedings are summary in their character. The judge determines the case without the intervention of a jury. If the state, as in this act, in dispensing its favors or extending certain benefits and grants to any class of its citizens, provides a summary method of procedure, with the evident intention that the determination of a case arising under it should be final and conclusive in the court where commenced, its right to do so cannot be questioned, because there is no intrinsic right independent of the law itself. No provision for appeal is given, and in such cases the right of appeal will not be extended or presumed.

How far the party might avail himself of the remedy afforded by *certiorari* or *mandamus*, it is unnecessary for us to determine. The following authorities and cases therein cited will be found to support the views we have laid down above: *Field* v. *Anderson*, 1 Texas, 438; *Baker* v. *Chisholm*, 3 Texas, 157; and *Timmins* v. *Lacey*, 30 Texas, 115.

This court having acquired no jurisdiction of this case by the appeal taken, the appeal is dismissed.

*Appeal dismissed.*