[1171.]

## LYON COUNTY, Respondent, *v.* ESMERALDA COUNTY, Appellant.

JURISDICTION—APPEAL.—This court, under the practice act, has jurisdiction only in cases commenced in and tried by *a court.* The legislature may enjoin upon a judge the performance of judicial functions, in matters outside of actions or proceedings in court; but, in such cases, there is nothing in the statutes authorizing an appeal from his orders.

IDEM—COURT PROCEEDINGS—CHAMBER ORDERS.—No appeal lies to the supreme court from an order of the district judge requiring the county assessor of Esmeralda county to file in the district court a statement of taxes, as required by section 6 of the act of March 1, 1883. (Stat. 1883, 100.) The proceedings required by the statute were in no sense court proceedings, as such, and the fact that the order was made by the court instead of the judge, does not change its character.

APPEAL from the District Court of the Third Judicial District, Lyon County.

The facts are stated in the opinion.

*D. J. Lewis, Wells & Taylor, and J. F. Boller*, for Appellant.

*W. E. F. Deal*, for Respondent.

By the Court, LEONARD, J.:

At the last session of the legislature a statute was passed entitled "An act to detach a portion of Esmeralda county,

and to annex the same to Lyon county,'' the sixth section of which is as follows :

"Sec. 6. In the event of the boards of county commissioners of Esmeralda and Lyon counties failing to agree upon and determine the amount due Esmeralda county from Lyon county, as provided in section two of this act, the district judge of the third judicial district shall order the county assessor of Esmeralda county to file in the district court of the third judicial district, in and for Esmeralda county, a statement setting forth the amount of the entire taxable property in Esmeralda county, as shown by the assessment roll for the year eighteen hundred and eighty-two, and the amount thereof assessed in and belonging to, the territory detached from Esmeralda county and annexed to Lyon county ; whereupon the district judge of the third judicial district shall, in accordance with the proportionate amount contemplated by section two of this act to be assumed by Lyon county, determine and declare the amount due Esmeralda county from Lyon county.''

The second section provided that Lyon county should assume and pay such a proportion of the indebtedness of Esmeralda county as the taxable property in the detached and annexed territory, for the year 1882, bore to the payment of the entire indebtedness ; and also that the boards of county commissioners of the counties of Lyon and Esmeralda, should, prior to the first Monday of July, 1883, agree upon and determine the amount so due from Lyon to Esmeralda county, and should regulate the manner and time of paying the same.    Prior to the first Monday of July, 1883, the board of county commissioners of Lyon county made a demand upon the board of county commissioners of Esmeralda county to fix a time and place of meeting of the two boards, and to agree upon and determine the amount due from Lyon to Esmeralda county, and to regulate the manner and time of paying the same, according to the provisions of said act of the legislature.    The board of county commissioners of Esmeralda county failed to comply with the request and demand of the Lyon county board,

and the result was the event first mentioned in section 6. Thereupon, on the second day of July, 1883, at a regular meeting of the Lyon county board, said board entered upon their minutes an order instructing the district attorney of said county "to present the matter to the district judge of the third judicial district, that he might proceed in the premises as required by the act of the legislature as aforesaid."

In pursuance of that order, the district attorney of Lyon county addressed to the district judge a communication styled in the transcript a "petition," wherein he set out the provisions of the statute referred to, the failure of the Esmeralda county board to comply with the requirements of section two, the consequent failure of the boards to agree upon the amount due Esmeralda county from Lyon county, as provided in said section, and prayed that said judge might make such orders, and take such action in the premises as might be just, and to carry out the provisions of the act of the legislature before mentioned. Thereupon a citation was issued out of the third judicial district court, in and for Lyon county, directed to S. B. Hinds, assessor of Esmeralda county, commanding him to show cause before the district judge, at the time and place mentioned therein, why he should not file in the district court of the third judicial district, in and for Esmeralda county, a statement setting forth the amount of the entire taxable property of Esmeralda county, as shown by the assessment roll for the year 1882, and the amount thereof assessed in, and belonging to, the territory detached from Esmeralda county and annexed to Lyon county. At the hearing the district attorney of Esmeralda county filed a demurrer to the petition, and the assessor filed an answer to the citation, setting forth certain reasons why he could not furnish a statement, and why he should not be required to do so by the judge. The demurrer was overruled, and the reasons given by the assessor having been deemed insufficient, he was ordered by the judge in open court to file the required statement. The district attorney of Esmeralda county filed and served

a notice of appeal, wherein it is stated that the defendant appeals from the order and judgment of the district court overruling defendant's demurrer, and from the judgment; meaning, of course, the order commanding the assessor to file his statement.

It is urged by counsel for Lyon county that no appeal lies in this proceeding. This is the first question to be considered. Section 4 of article VI of the constitution provides that, "the supreme court shall have appellate jurisdiction in all cases in equity; also in all cases at law in which is involved the title or right of possession to, or the possession of, real estate or mining claims, or the legality of any tax, impost, assessment, toll, or municipal fine, or in which the demand (exclusive of interest), or the value of the property in controversy, exceeds three hundred dollars; also in all other civil cases not included in the general subdivisions of law and equity. * * *" The statute governing appeals in civil actions provides that "an appeal may be taken, *first*, from a final judgment in an action or special proceeding commenced in the court in which the judgment is rendered, within one year after the rendition of judgment. * * *" Under the practice act this court has appellate jurisdiction only in cases commenced in and tried by *a court*. Before the supreme court can exercise appellate jurisdiction in this case, it must appear that a final judgment has been rendered by the district court in an action or special proceeding commenced in that court, and that the judgment appealed from was rendered in an action or proceeding which the court had power to try and determine. This court has not authority to consider the case before us on its merits, if the so-called judgment and order appealed from are simply chamber orders, or if the proceeding before the district judge was not, in any proper sense, a proceeding in court. Nor does it alter the case that the orders were made in court, if the duties required of the judge by the sixth section do not, in fact, constitute court proceedings. It is not denied that the legislature may enjoin upon a judge the performance of judicial functions in matters outside of

actions or proceedings in court.    In such cases the provisions of the practice act are inapplicable, and there is nothing in the statute under which the judge acted in this case that authorizes an appeal from his orders.

Examining the sixth section of this statute, it is patent that the proceedings thereby authorized are, and were intended to be, special and summary.    In a certain specified event, the *district judge* was required to do two things, viz : he was to order the county assessor to file in the district court for Esmeralda county the statement mentioned, and thereupon he was to determine and declare the amount due Esmeralda county from Lyon county.    The assessor might have been required to file his statement without an order from the judge, and in that case the latter's duty would have been performed by a mere computation, as required by section 2, and a declaration of the amount found due, to the proper authorities.    The order to the assessor was intended only to aid the judge in the performance of his principal duty.    No pleadings or parties were contemplated or required.    No petition from the district attorney or board of county commissioners of Lyon county was a prerequisite to the action of the judge.    The law made his duty plain.    No citation or notice to the assessor to show cause was intended or required.    If the judge had examined the records of the board, and thereby learned that the two counties had failed to determine the amount due to Esmeralda, it would have been his duty to order the assessor to file his statement.    His authority in the premises did not depend upon the petition or citation.    If the sixth section is unconstitutional ; if the judge had no lawful right to make the order requiring a statement from the assessor, then the latter was under no legal obligation to obey the same, and he would not have been guilty of contempt in case of refusal.    He could have placed his own construction upon the legality of the proceeding, and taken his chances on its correctness ; but there was nothing for him to demur to.    He might have said to the judge in chambers, " You ought not to require me to make a statement, for the fol-

lowing reasons,'' stating them as set forth in the so-called demurrer and answer, and the result would have been the same as that attained by the proceedings in court. The proceedings required by the statute were in no sense court proceedings, *as such*, and the fact that the orders were made by the court instead of the judge does not change their character. (*Marty* v. *Ahl*, 5 Minn. 34.)

In *Hubbell* v. *McCourt*, 44 Wis. 586, it appears that the legislature passed a law providing for appeals to the supreme court from orders made by circuit judges at chambers. Said the court: "It becomes an important question, and one which this court must determine, whether the legislature has power under the constitution to compel this court to take jurisdiction of and determine appeals taken from orders made by judges or other officers out of court; in other words, whether this court has appellate power under the constitution, in case of appeals from the acts of persons acting as judicial officers or otherwise, as distinguished from the judgment or orders of courts created by the constitution and laws. * * * In this case, the parties, by their counsel, have not seen fit to question the power of this court to hear and determine this appeal; but we are not disposed to usurp a power which is not conferred upon us by the constitution, even though the parties interested may waive their constitutional rights and agree to accept our decision as final in the pending case. The court has an abundance of labor to perform in the discharge of those duties which are conferred upon it by the constitution, and the laws made in conformity therewith, without assuming other burdens, not sanctioned by the constitution, and which may be attempted to be imposed upon it by legislation in violation of the constitutional limitations upon its powers. * * * The constitution of this state * * * provides that 'the supreme court, except in cases otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be co-extensive with the state. * * * The supreme court shall have a general superintending power over all inferior courts.' * * * Without

stopping to make any extended investigation, it is safe to say that it will be difficult to find that any court of last resort in any of the states had, at the time of the adoption of our constitution, ever exercised an appellate jurisdiction over orders made, in actions or otherwise, by judges at chambers, or out of court, and it is equally safe to say that the framers of our constitution, when conferring appellate jurisdiction upon this court, intended such jurisdiction should be limited to the judgments and orders made by the courts of the state. * * * To hold that the power exists in the legislature to compel this court to take jurisdiction of appeals from orders not made by any court, would, by indefinitely extending the right of appeal, greatly embarrass its proceedings, and hinder and delay it in its determination of those strictly judicial matters which were the sole object of its creation. We must, therefore, both for the protection of this court and in the interest of public justice, hold that the constitution limits the appellate power of this court to the judgments and orders of courts, and that ' orders ' made by judges or other officers out of court cannot be the subject of review in the first instance in this court." And see *Ex parte Cosner,* 4 Tex. Ct. App. 89 ; *Arberry* v. *Beavers,* 6 Tex. 470 ; *Baker* v. *Chisholm,* 3 Tex. 157 ; *Conter* v. *St. Paul & S. C. R. R. Co.,* 24 Minn. 313 ; *Hoffman* v. *Mann,* 11 Minn. 366 ; *Schurmeier* v. *Railroad Co.,* 12 Minn. 351 ; *McNamara* v. *Minn. Cent. R. Co.,* Id. 389 ; *Sturges* v. *Rogers,* 16 Ind. 18 ; *French* v. *Lighty,* 9 Ind. 475 ; *Wilmington & Susquehanna R. Co.* v. *Condon,* 8 Gill. and J. 448.

Without further discussion of this question, our opinion is, that there is no right of appeal in this case, and the same is dismissed.