[Nos. 2034 and 2035.]

*Ex Parte* J. G. FULLER AND *Ex Parte* BEN. F. WIMBERLY.

HABEAS CORPUS.— The writ of *habeas corpus* will not, under the law of this State, be awarded when the application therefor shows that the applicant is restrained of his liberty by a sheriff, acting under a commitment issued by the district court after trial and judgment of conviction for a felony. In these cases the applications alleged that the indictments were presented by an illegal grand jury, the same being composed of sixteen men.

*Habeas Corpus* on original applications from Navarro County.

The opinion discloses the cases.

*Simkins & Neblett* and *Read & Greer*, for the appellants.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. In these two cases the question is identically the same, and they will therefore both be considered and disposed of in one opinion. Both are cases of original application to this court for the writ of *habeas corpus*, in which, in connection with the general allegation of illegal restraint of liberty, the particular cause and manner of restraint is also alleged and exhibited.

It appears from their petitions that applicants have each been indicted, tried and convicted for theft of cattle in the district court of Navarro county, and are under sentence of said court to imprisonment in the penitentiary, by virtue of and in accordance

with said judgments. The object and purpose of these applications is to inquire into and test, by means of the writ of *habeas corpus*, the legality of the proceedings under and by means of which the judgments of conviction were rendered.

Many courts hold the doctrine that the judgments of courts of general jurisdiction, rendered in cases where their authority extended over the subject-matter and the person, could not be attacked or impeached by means of the writ of *habeas corpus;* whilst others, and perhaps the greater number, hold that the jurisdiction, if it does not attach in the particular case, is a legitimate subject of inquiry by and through the writ of *habeas corpus*, notwithstanding the judgment.

Whatever may be the rule elsewhere, it has been settled in Texas by our supreme court before this court was organized, and we see no occasion to interfere with or controvert it. In *Ex parte Ezell*, 40 Texas, 451, in an opinion delivered by Chief Justice Roberts, it was held that "when the application for the writ of *habeas corpus* shows that the applicant is restrained of his liberty by a sheriff acting under a commitment issued by the district court after trial and judgment of conviction for a felony, the writ will not be awarded." This authority is in point upon the question here presented. (See, also, *Ex parte McGrew*, 40 Texas, 476, and *Darrah* v. *Westerlage*, 44 Texas, 388. See, also, *Matter of Underwood*, 30 Mich., 302; Church on Habeas Corpus, p. 483, § 366; Freeman on Judgments (3d ed.), § 621; 13 Nevada, 302, and 28 La. An., 82.)

With these authorities for our guides, it is apparent that these applicants are not entitled to the writ of *habeas corpus* for the purpose for which they are seeking and asking it, and each application is therefore refused.

*Applications refused.*

[Opinion delivered October 31, 1885.]