Dissenting Opinions.
Watkins, J.
Upon mature deliberation I am satisfied that the controversy in the respondent’s court of which relators complain were and are purely political, and of which he had no jurisdiction, and our writ of prohibition ought therefore to be made perpetual. State ex rel. Woodruff vs. President, etc., 41 An. 846; State *830 vs. Judge, 13 An. 89; State ex rel. Bonner vs. Lynch, 25 An. 267; State ex rel. Moncure vs. Dubuclet, 28 An. 698; R. S., Secs. 1417 to 1435, as amended by Act 106 of 1892.
The duties of police jurors with regard to the selection and establishment of polling places and the like are vested by the election-law in the discretion of those bodies as political functionaries.
Sections 9 and 10 of Act 181 of 1894; State ex rel. Blackman vs. Strong, Secretary of State, 32 An. 173.
McEnery, J.
The plaintiff is a candidate for a political office. To confer jurisdiction upon the lower court he made a jurisdictional averment as to the value of the office. He asserts no title to-the office. He is only offering himself for the office. His title to the same will depend upon the result of the election. When this is promulgated, if he has cause to complain, it will be time for him to-urge his claim to the office if he finds reasons therefor. No right of plaintiff is alleged to be infringed. I find nothing upon which to predicate an averment to give jurisdiction. A possible contingency, which may or may not happen, gives him no such right to the office that he can make a jurisdictional averment as to its value,
I think it is erroneous to say that the right that each citizen has to see that the election is properly conducted is of a value inappreciable in money, and by inference it exceeds the lower limit of the jurisdiction of the court below. Jurisdiction is given by the law. 2 Barb. 323; 3 Texas, 157.
The jurisdiction of the District Court is fixed by law. After the jurisdiction of the court has been fixed by law, the judge is without authority to assume that a right to which no value can be fixed has an imaginary one.
The conduct of the election is by law devolved upon the executive officers. The courts can not interfere in the manner in which the election is to be conducted without trenching upon the duties of the political department of the government, which is forbidden by the Constitution.
The interpretation of the election law in the manner of conducting the election devolves exclusively upon the political department of the government. In a proper case brought before it, the courts may put the election machinery in motion; that is, compel the election officers to perform a duty imposed upon them by law, but they *831 can not restrain the election officers from the performance of a duty as they construe it. If the duties imposed upon the election officers are employed to perpetrate a fraud in a contest for office, these facts become matters of proper inquiry in determining whether the complainant was elected to the office by virtue of the election.
In my opinion there was an usurpation of jurisdiction by the District Court, and the writ of prohibition should be made perpetual.