THE UNIVERSITY OF TEXAS ET AL, Petitioners
V.
CHESTER R. MORRIS, Respondent

No. A-8624.   Decided January 10, 1962
352 S.W. 2d 947

*Will Wilson,* Attorney General, *Lawrence Hargrove* and *Pat Bailey,* Assistant Attorneys General, *Taylor & Taylor,* Austin, for petitioner.

*Chester R. Morris,* pro se.

JUSTICE FRANK P. CULVER delivered the opinion of the Court.

Respondent, Morris, brought this suit in damages for false imprisonment, deprivation of liberty without due process of law, libel and conspiracy against The State of Texas, The University of Texas and certain officials and employees of the University. The suit grew out of a temporary commitment of Morris to the Austin State Hospital and certain alleged related occurrences. The trial court rendered summary judgment in favor of the petitioners. The Court of Civil Appeals reformed the judgment of the trial court in one particular and affirmed it as reformed. 348 S.W. 2d 644.

The petitioners assert that the Court of Civil Appeals erred in refusing to dismiss the appeal for want of jurisdiction for the reason that the same was not timely perfected.

Petitioners' motion for summary judgment was heard before Judge Gardner of the 53rd District Court of Travis County on the 22nd day of December, 1960. He entered judgment granting the motion on the 29th day of December. It contained the recitation that Morris excepted and gave notice of appeal. On December 30 Morris filed a motion for new trial which was overruled by Judge Gardner on the same day. The motion for new trial was verified by Morris on the 27th day of December, 1960, evidencing the fact that the judge indicated in open court his decision to grant the motion for summary judgment prior to the actual entry of the judgment.

Judge Gardner's term of office ended on the 1st day of January, 1961, and on that date he was succeeded by the Honorable Herman Jones. On the 16th day of January, 1961, Judge Jones, evidently at the request of Morris, set for hearing Morris' motion for new trial for the 27th day of January. On the 27th day of January Morris filed a motion to set aside the order of December 30, 1960, entered by Judge Gardner overruling respondent's motion for new trial.

On that date, namely, the 27th day of January, 1961, Judge Jones entered the following order:

"On this 27th day of January, 1961, came on to be heard the Motion of Plaintiff Chester R. Morris, styled 'Motion to Set Aside Purported Final Judgment', to set aside the Court's Order of December 30, 1960, entered by The Honorable J. Harris Gardner, Judge, which Order overruled Plaintiff's Motion for New Trial. It appearing to the Court that such Order is entirely regular on its face, it is accordingly

"ORDERED that Plaintiff's Motion to set aside said Order is in all things overruled and that the Court's Order of January 16, 1961, setting a date for hearing on Plaintiff's Motion for New Trial, is hereby set aside and held for naught, such Motion for New Trial having been overruled before Plaintiff's request for hearing on such Motion was presented to the Court."

Respondent then filed his affidavit in lieu of appeal bond on February 2, 1961.

■ Petitioners' motion to dismiss was based on the failure of Morris to file his affidavit within 20 days after the order overruling the motion for a new trial as provided by Rule 356, Rules of Civil Procedure.

The Court of Civil Appeals held that the order of December 30, 1960, overruling Morris' motion for new trial was arbitrary and is null and void and accordingly overruled the motion to dismiss the appeal for want of jurisdiction. We hold that the order was not null and void. Therefore, the affidavit in lieu of cost bond was not timely filed and the appeal should have been dismissed.

The Court of Civil Appeals takes the position that the action of the court in overruling the motion was arbitrary and void because the respondent was deprived of an opportunity to present his motion to the court and bases its decision on its interpretation of Rule 329b, Sec. 4, which provides that "It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within thirty (30) days after the same is filed." The rule further provides:

"In the event an original motion or amended motion for new trial be not presented within thirty (30) days after the date of the filing thereof, and the district judge in his discre-

tion refuses to consider the same or refuses to hear evidence relating thereto, such motion will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date."

The Court of Civil Appeals holds that the rule places upon the movant for a new trial the duty "to present the same to the Court" and by the same token places the duty upon the trial judge to afford the movant an opportunity to perform that duty. As we understand this holding it would follow that a trial court must allow the movant to present his motion and is otherwise without jurisdiction to act even though as in this case nothing could be asserted in the motion other than an error of law and on which presumably all parties had been heard fully before the entry of the judgment.

■ Actually Morris' complaint is predicated not on the fact that he was not afforded an opportunity to present his motion, but that it was acted upon and overruled without his knowledge so that he failed to perfect his appeal by not having filed his affidavit of inability to pay the cost within the 20 days after the motion was overruled and this notwithstanding the fact that the deputy clerk told him on the 16th day of January that she "thought" the motion had been overruled. If he had proceeded with diligence then, he still had ample time within which to file his affidavit. There is no rule that requires that the movant be given notice of the court's action on the motion for new trial.

■ Furthermore, in our opinion the term "to present the same to the court" does not mean that a formal presentation and hearing are required. Certainly it would not be error for the court to refuse to hold a hearing on a motion for a new trial except where it would be necessary to hear evidence upon a matter such as jury misconduct. Suppose in this case Morris had filed his affidavit on the 16th day of January when he first had reason to believe that the motion had been overruled. It could hardly be contended then that the order entered on the 30th day of December was void because Morris had not been afforded an opportunity to present his motion to the Court. On appeal he could not be heard to complain of the failure of the court to afford him an opportunity to "present" the motion or of the refusal of the court to hear him again respecting the matters of law that had been previously argued.

In our opinion the proper meaning of the word "present" as used in Rule 329b is no more than that the movant must call

the motion to the court's attention and ask for a ruling upon the same or face the possibility that the court will not act and allow the motion to be overruled by operation of law. As to whether the court will hear the movant on his motion is a matter within the discretion of the trial court when it presents solely a question of law. In this respect we approve the statement found in Texas Livestock Marketing Ass'n. v. Rogers, Texas Civ. App., 1951, wr. ref. n.r.e., 244 S.W. 2d 859, as follows:

"* * * When an attorney for the party appealing files his motion or amended motion for a new trial and calls it to the attention of the trial court, and informs him that he is ready to present it for the court's action, he has done about all that he can do. As to just when and how the motion is heard by the court is a matter addressed to the discretion of the court and one which the litigant can not control. It is true that the litigant must present the motion to the court without qualification or reservation, and if the court immediately passes on the motion he is not in a position to complain."

To be sure the course taken by Judge Gardner in overruling the motion on the same day it was filed was unusual, yet so was the situation confronting Judge Gardner unusual. He had completed the hearing on this case during the last few days of his term of office. The judgment was entered on the 29th day of December. The case had been pending for a considerable length of time. This is the second appeal. The pleadings in this case were many and lengthy. Numerous motions were filed, including one for bill of discovery, one for change of venue, and one to consolidate causes of action. Several motions for summary judgment appear in the record, together with affidavits in support of same, the transcript comprising over 250 pages.

Before the incoming judge could pass intelligently upon the motion for a new trial he would necessarily have to review the entire record and familiarize himself with the pleadings and affidavits. Thus there would be imposed upon him an unnecessary burden of work and a repetition of the judicial functions already performed and discharged by his predecessor.

The judgment of the Court of Civil Appeals is reversed and the appeal is hereby dismissed.

Opinion delivered January 10, 1962.