**TRAVELERS EXPRESS COMPANY, INC.,**
Appellant,

v.

**John W. WINTERS and Sherlene M. Walker,**
**d/b/a E-Z Way Grocery, Appellees.**

No. 6267.

Court of Civil Appeals of Texas,
El Paso.

Dec. 20, 1972.

Rehearing Denied Jan. 10, 1973.

John R. Bryant, Dallas, Garland Casebier, Midland, for appellant.

Thomas A. Sneed, Odessa, Leonard Howell, Midland, for appellees.

## OPINION

WARD, Justice.

The appellant, Travelers Express Company, Inc., recovered judgment in the District Court of Midland County, against John W. Winters and Sherlene M. Walker, jointly and severally, the sum of $7,288.66, arising by virtue of alleged breach of contract. Six days after the rendition of the judgment, Sherlene M. Walker filed her only motion for new trial. Over three months after the rendition of judgment and on the eighty-eighth day after the filing of the motion for new trial, the trial Court entered a judgment nunc pro tunc granting to Mrs. Walker a new trial. It is from this order that the appeal has been perfected on the theory that this appellate Court has the authority over void proceedings to declare their invalidity and to set

them aside. We are of the opinion that the order was not void and that we have no jurisdiction to this appeal.

Certain of the events and the dates are listed. The judgment in favor of Travelers Express Company, Inc. was rendered and entered on October 29, 1971, reciting that the defendant, John W. Winters, had appeared and answered but that Sherlene M. Walker had defaulted. A motion for new trial was filed on behalf of Sherlene M. Walker on November 5, 1971, alleging, among other matters, that she was not a party to the contract and was not a partner with Mr. Winters in the transaction. No amended motion for new trial was filed. There next appears in the transcript a series of letters between the trial judge and the various attorneys, dated toward the end of January, 1972. Then is found the order of the Court rendered and entered February 1, 1972, and entitled "Order Setting Aside and Holding for Naught the October 28, 1971 Judgment of this Court Against Sherlene M. Walker." It is this order which is now attacked.

Pertinent parts of the order recite that:

"On this 1st day of February, 1972, the judgment rendered in this Court and filed with the Clerk on November 1, 1971, is hereby set aside and is herein held for naught insofar as it effects or involves Sherlene M. Walker; and the part of that judgment as against her is hereby held to no longer be of any force whatever as against her. * * *.

* * * After Motion for New Trial was filed by counsel for Sherlene M. Walker during the afternoon of November 5, 1971, that motion was brought into attention, in chambers. Later, probably on November 10, 1971, or on or about that date, when counsel for plaintiff was in the room in which proof had been heard, that counsel became orally advised that the said motion for new trial was granted, but on grounds other than the fraud grounds stated within its numbered paragraph I; * * *. But new trial

for Mrs. Walker, on that day and that occasion, became granted; notwithstanding, in oversight, no written order has heretofore been signed or entered. Ordinarily, under prevailing practices, it is counsel who prepares and presents orders that have been announced. In this case, there was a failure upon the court's part to write such an order granting a new trial to Mrs. Walker, and the Court overlooked failing to observe that no order granting her her new trial was of record. Now this order is prepared by the undersigned and is signed by him and is herein ordered filed. * * *.

It is CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court that a new trial already has been granted and is hereby granted to Sherlene M. Walker insofar as judgment against her is herein concerned.

Further, it is CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court that this order and decree is and is to be a nunc pro tunc order effectuating the oral statements made to counsel for the plaintiff, as of the date above stated, that is, of on or about November 10, 1971.

* * * All new trial costs are assessed against the plaintiff, for the payment of all of which let execution issue.

RENDERED AND ENTERED this 1st day of February, 1972."

The appellant's sole points are to the effect that the order granting to Mrs. Walker a new trial was void and that the trial Court did not have jurisdiction to render the same, the order being contrary to the express provisions of Rule 329b, Texas Rules of Civil Procedure, Subdivision 4, providing that the motion for new trial "will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date," and also being contrary to the express provisions of Subdivision 5 of the Rule providing for the finali-

ty of judgments after the expiration of thirty days after the date of rendition of judgment or order overruling a motion for new trial. That rule further provides "After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law."

■ Appellant's position is that while ordinarily there is no right of appeal from an order granting a new trial where the Court has jurisdiction and power to grant such motion, the rule is different when the order or judgment is void because of lack of jurisdiction or power of the trial Court to act. In such a situation the appellate Court has the authority and jurisdiction over the void proceeding to declare its invalidity and to set it aside. Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961); Matlock v. Williams, 281 S.W.2d 229 (Tex.Civ.App.—Beaumont 1955, no writ).

Simply stated, it is the appellant's position that the motion for new trial was overruled by operation of law on December 20, 1971, and that while the trial Court continued to have jurisdiction for thirty days following this date upon which the motion for new trial was overruled by operation of law this thirty day period expired on January 19, 1972, and thereafter the Court was without any jurisdiction. Mercer v. Band, 454 S.W.2d 833 (Tex.Civ.App.—Houston (14th Dist.) 1970, no writ.)

A fatal defect to the appellant's position is that the record presented to us contains only the transcript. There is no statement of facts, and there appears no effort to obtain a statement of facts, or any bill of exception reflecting anything contrary to the findings of fact contained in the trial judge's order of February 1, 1972. In this state of the record, it is undisputed and the finding is not attacked that the trial Court made an oral pronouncement in the presence of the attorney for the plaintiff on or about November 10, 1971, to the effect that he was then granting a new trial for Mrs. Walker and through oversight no written order was signed or entered.

■ The rendition of judgment is the pronouncement of the court of its conclusions and decision upon the matter submitted to it for adjudication which may be oral as well as written, and a judgment is "rendered" either orally in open court or by memorandum filed with the clerk. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953).

■ The rule is reiterated in Dunn v. Dunn, 439 S.W.2d 830 (Tex.Sup.1969) and Rule 306a, T.R.C.P., specifically recognizes the validity of oral judgments wherein it directs that all orders be reduced to writing but provides that the absence of such showing shall not invalidate such judgment or order. The oral order of the Court granting the new trial was valid and the entry of the order was only a ministerial act. See authorities in Dunn v. Dunn, supra.

Rules 306a and 329b dictate that a nunc pro tunc entry of an order overruling a motion for new trial will be a nullity under certain facts, such as existed in Hernandez v. Baucum, 338 S.W.2d 481 (Tex. Civ.App.—San Antonio 1960, no writ). See also Flowers v. Muse, 427 S.W.2d 727 (Tex. Civ.App.—San Antonio 1968, writ ref'd). However, we find nothing in the rules prohibiting an entry of a nunc pro tunc order granting a motion for new trial.

No complaint is made on this appeal as to any procedural errors in the granting of the judgment nunc pro tunc. Rule 316, T. R.C.P. Waiver of notice by participation in the hearing may have occurred. 4 McDonald, Texas Civil Practice, 1971 Revised Volume, Sections 17.07.1–C and 17.07.2.

The trial Court having granted a new trial to Mrs. Walker and the order not

being void, the matter is not appealable. Mercer v. Band, supra.

We find we have no jurisdiction to this appeal. The same is dismissed.