**TRAVELERS EXPRESS COMPANY, INC.,**
**Appellant,**

v.

**Bonnie RENER, Jr., Appellee.**

**No. 4601.**

Court of Civil Appeals of Texas, Eastland.

Feb. 23, 1973.

John R. Bryant, Dallas, for appellant.

Dan R. McCormack, Dallas, for appellee.

WALTER, Justice.

Travelers Express Company recovered a judgment against Bonnie Rener, Jr., on January 12, 1972. On January 18, 1972, the defendant filed his motion for a new trial. Thereafter no papers were filed until the defendant filed his motion for a nunc pro tunc order on May 8, 1972. In this motion the defendant asserts that on February 11, 1972, "after hearing defendant's motion for a new trial, the court sustained defendant's motion for new trial and noted such on the court's docket." On May 12, 1972, the court signed a nunc pro tunc order granting defendant's motion for new trial as of February 11, 1972.

The plaintiff has appealed and contends the nunc pro tunc order is void because the court had no jurisdiction to enter it. The plaintiff's contention is that the judgment was rendered for it on January 12, 1972, and defendant's motion for new trial was filed January 18, 1972, and that the motion for new trial was overruled by operation of law 45 days thereafter, which would be on March 3, 1972. Thirty days after March 3, 1972, would be April 3, 1972. The court entered the nunc pro tunc order on May 12, 1972.

Plaintiff's contention is that the entry of the nunc pro tunc order is a nullity. The defendant's contention is that such order constitutes a valid exercise of the inherent power of the court and is a valid order.

**550**

In Hannon v. Henson, 15 S.W.2d 579, the Commission of Appeals, at page 583, said:

"In the absence of a statute forbidding the exercise of it, a court has a continuing power over its records, and an unquestioned authority to make them speak the truth. Burnett v. State, 14 Tex. 455, 65 Am.Dec. 131; Cowan v. Ross, 28 Tex. 230; Rhodes v. State, 29 Tex. [188,] 190; Ximenes v. Ximenes, 43 Tex. [458,] 466; Whittaker v. Gee, 63 Tex. 436; 34 Corpus Juris, par. 213. Where a judgment has been actually rendered, order made, or decree signed, of which there is legal evidence, but the same has not been properly entered on any record, in consequence of some accident, or the neglect of the clerk of the court, the court has power to order that the judgment, order, or decree may be entered nunc pro tunc, the fact of its rendition being satisfactorily established, and no right of others having intervened, provided, of course, the court had jurisdiction of the subject-matter and of the parties and the cause was otherwise ripe for judgment.

The only legitimate function of a nunc pro tunc entry is to evidence correctly upon the records of the court a judgment, decree, or order actually made by it, but which, for some reason, had not been entered upon some record permitted by the law to be entered thereon in proper time; the necessity to do so being to protect some right that has arisen since the judgment was rendered."

In Chavarria v. Macias, 252 S.W.2d 262 (Tex.Civ.App.—San Antonio 1952, no writ hist.), the Court said:

"The court had the power to enter the judgment nunc pro tunc. The court on October 11th announced its rulings on all issues and parties and rendered the judgment. The remaining act of signing and entering the nunc pro tunc judgment, though after term time, was in accord with the settled law of the State. Williams v. Wyrick, Tex.Sup., 245 S.W.2d 961; Gulf C. & S. F. Ry. v. Canty, 115 Tex. 537, 285 S.W. 296, 302; Wright v. Longhorn Drilling Corp., Tex.Civ.App., 202 S.W.2d 285."

We have considered all of plaintiff's points and find no merit in them. Travelers Express Company, Inc. v. Winters, 488 S.W.2d 890 (Tex.Civ.App.—El Paso 1972, no writ hist.). They are overruled.

The judgment is affirmed.