**Doris DuCret THOMPSON, Petitioner,**

v.

**Dan GIBBS et al., Respondents.**

**No. 18314.**

Court of Civil Appeals of Texas, Dallas.

Dec. 27, 1973.

Rehearing Denied Jan. 17, 1974.

R. Guy Carter, Jack B. Cowley, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for petitioner.

Tom James, Blanchette, Shelton & James, Dallas, for respondents.

CLAUDE WILLIAMS, Chief Justice.

In this original action filed pursuant to Tex.Rev.Civ.Stat.Ann. art. 1824 (Vernon's Ann. 1964) petitioner Doris DuCret Thompson prays that we issue a writ of mandamus directing respondent Dan Gibbs, Judge of the Domestic Relations Court No. 3 of Dallas County, Texas, to proceed to trial and render judgment based upon evidence presented, in Cause No. 72–5856-DR/3 styled "In the Matter of the Marriage of John P. Thompson and Doris DuCret Thompson." John P. Thompson is also named as a respondent.

The record discloses that on June 15, 1973 respondent Dan Gibbs signed and entered a judgment in Cause No. 72–5856-DR/3, styled "In the Matter of the Marriage of John P. Thompson and Doris DuCret Thompson," in the Domestic Relations Court No. 3 of Dallas County, Texas. In this decree John P. Thompson was granted a divorce from Doris DuCret

Thompson and certain properties were divided between the parties. Thereafter on June 25, 1973 Doris DuCret Thompson filed her original motion for new trial and on July 16, 1973 she timely filed her amended motion for new trial. On August 13, 1973 the parties, by their attorneys, entered into a written agreement wherein it was agreed that the time for *presenting* the motion for new trial and the time for *hearing* thereon should be extended until September 6, 1973. The agreement did not contain a recitation that the parties would stipulate to the postponement of the *decision* of the motion as provided by subdivisions 3 and 4 of Texas Rules of Civil Procedure 329b.* Thereafter on September 6, 1973 the respondent Dan Gibbs signed and entered an order setting aside and vacating the judgment rendered on June 15, 1973 and granting a new trial. More than two months later, on November 19, 1973, the respondent Dan Gibbs signed and entered an order striking and setting aside his order entered on September 6, 1973 and removing the cause from the docket of the court. In this order Judge Gibbs recited that the order entered on September 6, 1973 granting the motion for new trial was rendered after such motion had been overruled by operation of law and was therefore void and without force and effect.

Both parties are in agreement that inasmuch as the prior agreement of the parties was ineffective to extend the time for decision of the amended motion for new trial that the amended motion was overruled by operation of law forty-five days after it had been filed. This forty-five day period expired on August 30, 1973. However, petitioner contends that the trial court was vested with authority for a period of thirty days following the overruling of the motion for new trial within which time the trial court could change, alter or modify the decree so that the order of September 6 was valid and effective. Petitioner also contends that the trial court's action on November 19, 1973 striking from the

record the order of September 6, 1973 was ineffective. We agree with petitioner's contentions. The order of November 19, 1973 should be disregarded and it follows that the cause now stands upon the docket of the court as a pending case which Judge Gibbs should proceed to try.

Our decision must rest upon a proper evaluation of the various steps taken in the Domestic Relations Court in the light of the requirements of the Texas Rules of Civil Procedure, notably Rule 329b, subsections 3 and 5, and Rule 5.

Our rules of civil procedure provide judges and practicing attorneys with directions relating to court procedures. Concerning new trials, definite periods of time are prescribed in which certain actions may be taken. Thus Rule 329b, subsection 3, is plain and explicit in its provisions that all motions must be determined not exceeding forty-five days after the original or amended motion is filed. Subsection 5 of Rule 329b provides that judgments shall become final at the expiration of thirty days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause filed within the time allowed by law. Rule 5 provides that a court may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in those rules.

In Boyd v. Gillman Film Corp., 447 S.W.2d 759 (Tex.Civ.App.-Dallas 1969, writ ref'd n. r. e.), a case involving a trial court's belated action in setting aside a prior judgment of dismissal, we reviewed the provisions of the applicable rules here under discussion and reiterated the established law that during the period of thirty days after the date of rendition of judg-

---

* All rules referred to herein are Texas Rules of Civil Procedure.

ment or order overruling an original or amended motion for new trial, the trial judge retains plenary power and jurisdiction to take whatever action he may deem desirable to change, alter or modify the judgment rendered, citing Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148 (1952) and Stonedale v. Stonedale, 401 S.W.2d 725, 728 (Tex.Civ.App.-Corpus Christi 1966). We think this rule is applicable here where the trial judge did, within the period of thirty days from the date the amended motion for new trial was overruled by operation of law, elect to change the original judgment and set the same aside and grant a new trial. We think that the language of subsection 5 of Rule 329b gives the trial judge the authority to grant the new trial within thirty days after the overruling of the motion for new trial, even by operation of law. While the first sentence of the rule speaks of "order" overruling a new trial motion, the next sentence merely speaks of the overruling, implying that it is irrelevant whether it was by order or by operation of law. We see no logical reason for saying that the thirty day provision would apply only when the motion was overruled by a signed order rather than by operation of law.

The interpretation we are giving Rule 329b (5) has been adopted by other courts. In Mercer v. Band, 454 S.W.2d 833 (Tex. Civ.App.-Houston [14th Dist.] 1970), in an opinion written by Justice Sam D. Johnson, the question was posed: Did the trial court have jurisdiction to grant a new trial (within thirty days) after defendant's motion for new trial had been overruled by operation of law? The court answered the question in the affirmative based upon Rule 329b(5). In reaching this conclusion the court relied upon Herrera v. Talbert, 316 S.W.2d 952 (Tex.Civ.App.-San Antonio 1958, no writ); Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031 (1934); and Turner v. Texas Sportservice, Inc., 312 S.W.2d 388 (Tex. Civ.App.-San Antonio 1958, writ ref'd n. r. e.). Again, in Ferris Brick Co. v. Price,

413 S.W.2d 430 (Tex.Civ.App.-Austin 1967, no writ), the court had before it an identical situation in which the amended motion for new trial had been overruled by operation of law. Within thirty days thereafter the trial court granted a new trial. The court affirmed this action based upon subsection 5 of Rule 329b, stating that during such thirty day period following the overruling of the motion for new trial the trial court has control of such judgment and may correct, amend or set it aside, with or without a motion.

The supreme court in Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961), dealt with the situation where the trial court had granted a motion for new trial within the forty-five day period. The supreme court drew the clear distinction between an order granting a motion for new trial, which is not appealable, and one overruling a motion for new trial, which is appealable and which is dealt with in subsection 5.

While we are convinced that the authorities above cited are controlling of the situation here presented we do take notice of two cases relied upon by respondents, Bain v. City of Temple, 428 S.W.2d 823 (Tex. Civ.App-Austin 1968, writ ref'd n. r. e.) and Hendricks v. Williams, 485 S.W.2d 304 (Tex.Civ.App.-Corpus Christi 1972, no writ). We do not accept either of these cases as being authoritative of the question presented to us. In *Bain* the court makes no mention of Rule 329b(5), or any other authority, and remands the case for a new trial because it had not been fully developed factually. We consider *Hendricks* to be distinguishable from the facts in this case.

The order signed by respondent Gibbs on September 6, 1973, granting a new trial, was a valid and subsisting order which had the effect of reinstating the case upon the docket of that court. Judge Gibbs' subsequent order of November 19, 1973 was ineffective and should be disregarded. Petitioner is clearly entitled to a writ of mandamus directing Judge Gibbs to proceed to

set the case for trial upon its merits and to take any other action regarding pending motions which may be deemed desirable.

We have no reason to suppose that Judge Gibbs, upon receipt of this court's final opinion, will refuse to proceed to trial in Cause No. 72–5856-DR/3 styled "In the Matter of the Marriage of John P. Thompson and Doris DuCret Thompson." For this reason, a peremptory writ of mandamus will issue only in the event the trial judge does not proceed to trial as anticipated.

The writ of mandamus is conditionally granted.