Mary Jo RISHER, Appellant,

v.

Douglas RISHER, Appellee.

No. 19067.

Court of Civil Appeals of Texas,
Dallas.

Jan. 4, 1977.
Rehearing Denied Feb. 18, 1977.

Frank W. Stenger, Mauzy & Stenger, Dallas, for appellant.

Mike McCurley, McGuire, Levy, Collins & McCurley, Irving, Barton E. Bernstein, Dallas, Ad Litem, for appellee.

GUITTARD, Chief Justice.

Appellee has moved to dismiss this appeal for lack of jurisdiction because the original motion for new trial was overruled by the court before the amended motion was filed and no appeal bond was filed within thirty days from that date. The problem arises from the trial judge's attempt to set aside the order overruling the original motion on the same date that it was signed and entered, but without signing a formal order setting it aside. We hold that the oral order setting aside the order overruling the original motion for new trial was not effective to extend the time for filing the amended motion and, therefore, that the appeal bond was filed late. Consequently, we sustain the motion to dismiss.

According to the transcript, the judgment was signed April 8, 1976, appellant's motion for new trial was filed April 18, and an order overruling the original motion was signed May 6, the nineteenth day after the original motion was filed. The transcript further shows an amended motion for new trial filed on May 6 and an order overruling the amended motion signed May 28. The appeal bond was filed on June 26, more than thirty days after signing the order overruling the original motion but within thirty days after the order overruling the amended motion.

The jurisdictional question arises because of the provision in Tex.R.Civ.P. 329b(2) that an "amended motion shall be filed before the original motion is acted upon and within twenty (20) days after the original motion for new trial is filed." If the order overruling the original motion was valid and was not effectively set aside, the amended motion for new trial, although filed within twenty days after filing the original motion, was not timely, and the period for filing the bond began to run when the original motion was overruled.

*Presentment of Motion for New Trial*

Appellant contends that the order overruling the original motion for new trial was a nullity because she did not present the motion to the court. In support of this argument appellant submits an affidavit of the trial judge stating that appellant's original motion for new trial was set for a hearing on May 6 at the request of appellee's counsel and that at the hearing on that date, appellee's counsel was present and appellant's counsel was not. Appellant's counsel admits that he had notice of the setting and deliberately failed to appear, evidently on the theory that if he did not present the motion the court would have no authority to rule on it. Appellant makes that contention here, arguing that since Rule 329b(4) provides that it is the duty of the moving party to present a motion for new trial within thirty days after filing, the court cannot act on the motion unless the moving party presents it.

This argument is untenable under the decision of the supreme court in *University of Texas v. Morris*, 163 Tex. 130, 352 S.W.2d 947, 949 (Tex.1962). In that case, the motion for new trial was overruled by

the trial judge on his own motion, presumably without presentment, on the very day it was filed. The supreme court held that the requirement that the motion be "presented" within thirty days means nothing more than that the movant must call the motion to the court's attention and ask for a ruling or face the possibility that the court will not act and will allow the motion to be overruled by operation of law. Thus, the court held that the order overruling the motion was effective.

Appellant argues that the *Morris* case may be distinguished by the fact that the only question presented in that case was one of law and by the circumstance that the judge was going out of office on the day the motion was filed. Notwithstanding the peculiar facts of *Morris*, we regard that decision as standing for the rule that the movant's failure to present his motion does not deprive the court of authority to rule on it. Consequently, although we recognize the force of appellant's argument that the moving party may not know when his time for appeal has begun to run unless he has presented his motion, we cannot rest our decision on this ground. In this respect the present case is even less favorable to the appellant than *Morris* because here appellant's counsel had notice that the motion was set for hearing and is in no position to complain that he did not know when his motion was ruled on. We conclude that the court may properly set a hearing on a motion for new trial on the request of either party and that the court has authority to rule on it at the time set, whether or not the movant appears to present it. Consequently, we cannot sustain jurisdiction of this appeal on the ground that the order overruling the original motion for new trial was a nullity and did not prevent later filing of an amended motion for new trial. We turn, therefore, to consideration of whether that order was effectively set aside by the trial court's oral order on the same day.

### Effect of Oral Order

■ Appellant contends that by the oral order the court effectively set aside the order overruling the motion for new trial and left the situation, for purposes of appeal, as if the original motion had not been acted on. If the oral order had this effect, the filing of the amended motion was timely, and the beginning of the thirty-day period for filing the bond did not begin to run until the amended motion was overruled on May 28. We consider first whether such an order, whether oral or written, could have the effect of extending the time for filing an amended motion. We conclude that it could not have that effect because of the restriction in Tex.R.Civ.P. 5, which provides that the court "may not enlarge the period for taking any action under the rules relating to new trials . . . or the period for taking an appeal or writ of error from the trial court to any higher court . . ."

Appellant argues that the court had power to set aside its order under authority of cases such as *Thompson v. Gibbs*, 504 S.W.2d 630, 632 (Tex.Civ.App.—Dallas 1973, mandamus overruled), holding that under Rule 329b(5) the trial court has power over its judgments until expiration of thirty days after the motion for new trial is overruled.

■ The difficulty with this argument is that although a trial judge admittedly has power to grant a new trial within thirty days after signing an order overruling the motion, the quoted language of Rule 5 forbids any enlargement of the time for filing a motion for new trial or taking an appeal. Because of this restriction, the trial judge cannot extend the time for appeal by entertaining and overruling a tardy motion for new trial even though the ruling is made within the time that the court could have granted a new trial. *A. F. Jones & Sons v. Republic Supply Co.*, 151 Tex. 90, 246 S.W.2d 853, 855 (Tex.1952). Neither can the judge accomplish the same result by setting aside his judgment and entering a new judgment so that a motion for new trial may be filed within ten days after entry of the new judgment. *Chantre v. National Maritime Union Pension & Wel-*

*fare Plan*, 425 S.W.2d 659 (Tex.Civ.App.— Beaumont 1968, no writ). Moreover, if the judge grants a new trial within forty-five days after the motion is filed, he cannot set aside that order and reinstate the original judgment because this action, also, would violate the restriction in Rule 5 against enlarging the time for filing a motion for new trial. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 826 (Tex.1961). On the same reasoning, we conclude that the judge cannot enlarge the time for filing the amended motion by setting aside his order overruling the original motion, whether the order setting it aside is oral or written.

Appellant argues that the oral order was effective because the order overruling the original motion for new trial was not set aside for the purpose of extending the time for filing the amended motion, but rather because the judge determined that he had acted under a mistake when he overruled the original motion. The judge's affidavit shows that when he acted on the motion he did not know that the hearing had been set at the request of appellee's counsel or that appellant desired to file an amended motion. The affidavit goes on to state that later on the same day the court was informed by appellant's counsel that the original motion had been set for a hearing by appellee's counsel, that appellant desired to file an amended motion for new trial, and that the twenty days for filing the amended motion had not expired. Accordingly, the judge states that he "entertained an oral motion by appellant's counsel to set aside the court's order overruling the original motion for new trial." After a telephone conversation with appellee's counsel, the judge announced that he was setting aside the order overruling the motion, and he then entered on the docket the following notation: "Order overruling motion for New Trial set aside by the court, Oswin Chrisman." The affidavit further shows that after this notation was made, appellant's counsel filed the amended motion for new trial.

No written order setting aside the order overruling the original motion for new trial

was filed until after the question of jurisdiction was raised in this court. At that time appellant filed an application for entry of the order nunc pro tunc, which the trial court at first denied. Appellant then applied to this court for a writ of mandamus directing the trial court to enter the order. This court granted the mandamus on the ground that a proper entry of the order was necessary to determination of this court's jurisdiction. The trial judge complied with our direction, and we now have before us in a supplemental transcript an order signed November 23, 1976, as follows:

> On May 6, 1976, came on to be heard Respondent's Motion to Set Aside the Order Denying Respondent's Motion for a New Trial, and the Court being of the opinion that the same should in all respects be granted because the hearing on Respondent's Motion for a New Trial was set and presented for hearing by Petitioner and not by Respondent, and because this Court had mistakenly assumed that Respondent had set the Motion for a New Trial for hearing and had failed to appear; and this Court further having discovered after the Motion for a New Trial had been denied that the setting and presentment of the same had been made by Petitioner rather than Respondent; and *in order to allow Respondent's counsel to timely file an Amended Motion for a New Trial*;
>
> IT IS ORDERED that this Court's Order Denying Respondent's Motion for a New Trial is hereby set aside. [emphasis added]

■ On granting the mandamus, we wrote an opinion holding that since the judge's affidavit showed that he had signed the order overruling the original motion for new trial under the mistaken impression that the motion had been set for hearing at the request of appellant, he had power to set aside the order without at the same time granting a new trial and that the amended motion could then be filed so long as twenty days had not run from filing the original motion. We now reconsider that ruling insofar as our jurisdiction of this appeal is concerned. We conclude that re-

gardless of the reasons which may have induced the judge to set aside his order, the judge's affidavit and his order nunc pro tunc reveal that the purpose and intended effect of the order was to extend the time for filing the amended motion for new trial. Since such an extension is forbidden by Rule 5, the time for filing the appeal bond began to run when the original motion was overruled by the court's order on May 6. Consequently, we have no jurisdiction of this appeal.

Although we hold, for the reasons stated, that the oral order would not have been effective if it had been immediately reduced to writing and signed, the judge's failure to sign such a written order raises other obstacles to our jurisdiction. Appellee contends that the oral order could have no effect because it was not pronounced "in open court." We need not consider this question because even if the order is regarded as one pronounced in open court, it cannot be considered for the purpose of determining the time for filing the appeal bond. Only signed written orders may be considered for that purpose under Tex.R. Civ.P. 306a, which provides:

In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. This rule shall apply in determining the time within which to file a motion for new trial, notice of appeal, appeal bond or affidavit in lieu thereof, bills of exceptions, statements of fact in trial and appellate courts, transcript in appellate court, petition for writ of error if appeal is by writ of error, or other procedure in connection with appeal; but this rule shall not be construed as determining what constitutes rendition of a judgment or order in any other situation or for any other purpose.

Appellant contends that this rule applies only to final orders, such as a judgment or an order overruling a motion for new trial, from which an appeal is taken and from which time periods begin to run, and not to an order, like the present, that is interlocutory and favorable to the appealing party. This argument is untenable because the language of the rule is not so limited. It applies by its terms to any judgment or order when considered for the purpose of determining the periods for taking an appeal. Only under this construction of the rule can full effect be given to its obvious intent that matters of appellate jurisdiction be determined from matters of record rather than from informal memoranda such as docket notations and the recollection of counsel and of the judge, as appellant suggests in this case.

This construction of Rule 306a is supported by the opinion of Justice Johnson in *Mercer v. Band*, 454 S.W.2d 833, 836 (Tex. Civ.App.—Houston [14th District] 1970, no writ). There the court heard a motion for new trial on the forty-second day after filing and on that day made a docket entry that a new trial was then ordered. However, the court did not sign a formal order to that effect until the forty-eighth day. The court held that under Rule 306a the trial court's action on the forty-second day "had no effect on the timetable applicable to the motion for new trial, because the court did not sign or enter any order or judgment on such date." Therefore, the court held that the motion for new trial was overruled by operation of law on the forty-fifth day, and it went on to consider the question of whether the trial court retained jurisdiction to grant a new trial after expiration of the forty-five day period. We regard the *Mercer* decision as applicable to this case because, for the purpose of determining the time for appeal, we see no distinction between a judge's oral order and docket entry granting a new trial and an oral order and docket entry setting aside an order overruling a motion for new trial. Other cases holding that a formal order must be considered effective for appellate purposes unless set aside by another timely formal order include *Poston Feed Mill Co. v. Leyva*, 438 S.W.2d 366, 368 (Tex.Civ.App. —Houston [14th District] 1969, writ dism'd)

and *Western Casualty and Surety Co. v. Southard*, 465 S.W.2d 238, 239 (Tex.Civ. App.—Amarillo 1971, no writ); and *cf. Burleson v. Moffett*, 3 S.W.2d 544 (Tex.Civ. App.—Eastland 1928, no writ, per Hickman, C. J.), holding that an order sustaining a plea of privilege was effective notwithstanding a docket notation dated three days later reciting that the order was set aside.

Appellant disagrees with the holding in *Mercer* and cites *Travelers Express Co. v. Winters*, 488 S.W.2d 890, 892 (Tex.Civ.App. —El Paso 1972, writ ref'd n. r. e.) for its holding that if the judge, after hearing a motion for new trial, announces in open court that a new trial is granted, but fails through oversight to sign and enter a written order to that effect, the order granting the new trial may be signed and entered at any time, even more than thirty days after expiration of the forty-five day period. The *Winters* decision was followed in *Travelers Express Co. v. Rener*, 493 S.W.2d 549 (Tex.Civ.App.—Eastland 1973, no writ). Although these cases may appear to reach a result at variance with the reasoning in *Mercer*, careful analysis of the opinions reveals that they are not in conflict. In fact, the *Winters* court cites *Mercer* in support of its holding. The *Mercer* court was looking at the problem from the point of view of "the timetable applicable to the motion for new trial," whereas the *Winters* court was looking at it from the point of view of the effectiveness of an oral order in open court granting the motion for new trial. In *Winters* the record contained an order signed nunc pro tunc reciting that the trial judge made an oral pronouncement in the presence of opposing counsel before expiration of the forty-five day period that he was then granting a new trial, and the court held that this oral order was effective to set aside the judgment from which the appeal was attempted. The nunc pro tunc order only had the effect of making a proper record of that order. *Winters* is consistent with our construction of Rule 306a, since that rule provides that it is limited to the determination of "the periods within which the various steps of an appeal must be taken" and that failure of the judge to sign

a formal order "shall not be construed as determining what constitutes rendition of a judgment or order in any other situation or for any other purpose." Accordingly, Rule 306a does not affect an oral order granting a new trial pronounced in open court, so long as that order is not considered for the purpose of determining the timetable for motions for new trial and perfection of appeals. Such an order, therefore, is effective when rendered and may be recorded formally later by an order nunc pro tunc. Under any analysis, there is no conflict between *Mercer* and *Winters* with respect to results since in both the holding was that a new trial was effectively ordered.

### Effect of Order Nunc Pro Tunc

The *Winters* decision is cited by appellant in support of the further argument that since the trial court has entered an order nunc pro tunc dated November 23, 1976, making a proper entry of the oral order of May 6 setting aside the order overruling the motion for new trial, that oral order must now be considered effective, and, consequently, the amended motion for new trial must be considered timely filed. In the alternative, appellant argues that if the oral order of May 6 cannot be considered effective as of its original date, then under Tex.R.Civ.P. 306b, the nunc pro tunc order must be considered effective to begin the time periods again from the date of its signing on November 23, 1976.

[6] We cannot agree with either of these arguments. As we have already explained, we accept the reasoning in *Mercer* that Rule 306a limits determination of the time periods prescribed by Rule 329b to consideration of signed written orders, and we do not read the *Winters* opinion as standing for a contrary construction since it does not concern the time for taking an appeal. Moreover, the considerations applying to nunc pro tunc orders concerning motions for new trial are different from those applying to nunc pro tunc entries of judgments. No time limits are prescribed for entry of judgments by Rule 329b or any other rule, and no provision is made for

rendition of a judgment by operation of law. Consequently, a judgment pronounced in open court is effective when rendered, and if not immediately reduced to writing, signed, and entered in the minutes, it may be so recorded later at any time. All of the cases cited by appellant, except one to be discussed later, stand for this principle. *See Dunn v. Dunn,* 439 S.W.2d 830 (Tex. 1969); *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289 (1953); *Capitol Life Insurance Co. v. Rutherford,* 468 S.W.2d 535, 536 (Tex. Civ.App.—Houston [1st District] 1971, no writ); *Texas Employers Insurance Ass'n v. Hartel,* 289 S.W.2d 380, 382 (Tex.Civ.App.—Amarillo 1956, writ dism'd).

On the other hand, Rule 329b sets a strict limit on the time for ruling on a motion for new trial and provides that such a motion is overruled by operation of law within forty-five days after filing, unless the ruling is postponed by agreement for not more than forty-five more days. Under this rule, in the absence of an agreed postponement, if no order ruling on the motion for new trial is signed before expiration of forty-five days after filing, the motion is deemed overruled by operation of law on the forty-fifth day, and any order signed thereafter purporting to overrule the motion is a nullity even though it recites that the motion was presented and orally overruled before expiration of forty-five days. *Flowers v. Muse,* 427 S.W.2d 727, 728 (Tex. Civ.App.—San Antonio 1968, writ ref'd); *Washington v. Golden State Mutual Life Ins. Co.,* 405 S.W.2d 856 (Tex.Civ.App.—Houston [1st District] 1966, writ ref'd). This rule has been applied to a situation in which the court heard a motion for new trial within the forty-five day period, noted on his docket that the motion was overruled, and later signed an order nunc pro tunc reciting the date on which the ruling was announced. The nunc pro tunc order was held to be a nullity because of the provision in Rule 306a that the date of the order is the date on which it is reduced to writing and signed. In the absence of such a written order, the motion was deemed overruled by operation of law on the forty-

fifth day. *Hernandez v. Baucum,* 338 S.W.2d 481, 483 (Tex.Civ.App.—San Antonio 1960, no writ). If a nunc pro tunc order overruling a motion for new trial signed more than forty-five days after filing the motion is a nullity with respect to determining the timetable for appeal, then, by the same reasoning, the nunc pro tunc order in this case purporting to set aside the order overruling the original motion for new trial had no effect on the time for filing the appeal bond.

We recognize that Tex.R.Civ.P. 306b provides that the right of appeal shall date from the rendition of a nunc pro tunc judgment or order and that the period possible for taking an appeal shall be computed from that date. In view of the above authorities, however, we hold that Rule 306b and Rule 5 should be construed together and that when so construed, Rule 306b does not apply to an order with respect to a motion for new trial. If Rule 306b were applied in such cases, the trial judge would be able to extend the time for appeal indefinitely, contrary to the express restriction in Rule 5, by simply delaying the signing of the order until he desired to start the time running for the appeal.

The only case cited by appellant applying Rule 306b to an order concerning a motion for new trial is *Ambassador Oil Corp. v. Robertson,* 384 S.W.2d 752, 755 (Tex.Civ. App.—Austin 1964), *writ ref'd n.r.e. per curiam,* 390 S.W.2d 472 (Tex.1965). There the time for appeal was held to begin from the date of signing of a nunc pro tunc order correcting the date recited in the original order overruling the motion for new trial. We do not regard that decision as authoritative since it is contrary to the decisions last above cited and since the supreme court, in refusing a writ "no reversible error," was careful to point out that appellate jurisdiction was sustainable by the fact that some of the appellants who had not participated in the trial had perfected a writ of error from the trial court within the proper time. The supreme court pointedly stated that its action was "not to be construed as

approving or disapproving the other holdings contained in the opinion of the Court of Civil Appeals." *Robertson v. Blackwell Zinc Co.*, 390 S.W.2d 472 (Tex.1965).

■ Our consideration of the above authorities, as well as others cited, has convinced us that if the trial judge signs a formal order overruling a motion for new trial within forty-five days after the motion is filed, he may within thirty days thereafter order a new trial, but he has no power to enter any order that would affect the timetable for an appeal from the original judgment. Consequently, in this case, the oral order purporting to set aside the order overruling the motion for new trial, even though later formalized by an order nunc pro tunc, did not serve to authorize filing of an amended motion for new trial and, therefore, did not affect the time for filing the appeal bond, which began to run when the original motion for new trial was overruled on May 6, 1976. Since the bond was not filed within thirty days of that date, we have no jurisdiction of this appeal.

Appeal dismissed.

AKIN, Justice, concurring.

I concur in the result reached by the majority only because the trial court failed to sign a formal order setting aside its order overruling the original motion for new trial. I agree, therefore, with that part of the opinion which states that the oral order setting aside the order overruling the motion for new trial was ineffective. The supreme court, in *Reese v. Piperi*, 534 S.W.2d 329, 331 (Tex.1976), held that an order disposing of a motion for new trial must be reduced to writing within the forty-five-day period to be effective and that an oral rendition within this period had no effect. To hold otherwise, the court said, would violate Rules 5 and 306a by permitting entry of nunc pro tunc orders long after the appellate times had lapsed.

I cannot agree, however, with the majority's unduly narrow reading of Rule 5. Rule 5, designated "Enlargement," provides:

When by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) . . . order the period enlarged . . . ; or (b) upon motion permit the act to be done after the expiration of the specified period . . . ; but it may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing . . . *except as stated in the rules relating thereto* . . . .

The majority focuses on the clause which states that a court "may not enlarge the period for taking any action under the rules relating to new trials . . . , except as stated in the rules . . . ." To view this in proper perspective, however, we must read all of the rule together. The first portion of the rule permits a court to enlarge any time period prescribed by the rules. The clause quoted *supra* is a limitation to this general grant of power, and even that limitation is modified by "except as stated in the rules . . . ." I conclude that this phrase restricts the trial court to time limits relating to motions for new trial expressly specified in other rules. Accordingly, the trial court has plenary jurisdiction to set aside an order overruling a motion for new trial *if* such order does not otherwise affect the time limits prescribed by other rules such as Tex.R.Civ.P. 329b. Under the majority holding, once a trial court enters an order which *restricts* the appellate timetable, regardless of the reason, it cannot restore the status quo by setting aside this order. Reading Rule 5 as I do would in no way enlarge the time beyond that which is proper under the rules. It merely allows an appellant full use of the prescribed time periods and gives the trial court jurisdiction to permit it. Indeed, the very purpose of Rule 5 was to permit the trial court to *enlarge* the time periods for appeal rather than to restrict them. Here, it is evident that the trial court entered its order overruling the motion for new trial acting on a misconception. My reading of this rule and its intent would

permit a trial court to correct its error in a case such as this without granting a new trial or penalizing an appellant.

This construction is consistent with prior authority dealing with the interaction of motions for new trial and appellate times. An amended motion for new trial which is filed more than twenty days after the original motion for new trial is a nullity for appellate purposes. *Valley Transit Co. v. Lopez,* 263 S.W.2d 830, 831 (Tex.Civ.App.—San Antonio 1953, writ ref'd); *Miller v. Esunas,* 401 S.W.2d 150, 154 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.). Thus, an amended motion which is filed more than twenty days after the original is ineffective to preserve points on appeal. *Orr Chevrolet, Inc. v. Courtney,* 488 S.W.2d 883, 885 (Tex.Civ.App.—Texarkana 1972, no writ). Since Rule 329b(2) requires that an amended motion be filed within twenty days *and* before the original is acted upon, it would logically follow that an amended motion filed within twenty days, but after the original had been overruled, would likewise be ineffective to preserve points on appeal. This is consistent with the position taken in the majority opinion, which holds that an amended motion filed within twenty days of the original, but after the original had been overruled, was ineffective for the purpose of determining appellate times. However, it has been held that an amended motion for new trial which is filed within twenty days of the original is effective to preserve points on appeal even though the original motion for new trial had been previously overruled *if* the order overruling the motion for new trial was set aside within the twenty-day period. *Twin City Fire Ins. Co. v. King,* 510 S.W.2d 370, 375 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). Under the language in Rule 329b(2), this holding necessarily means that an amended motion for new trial is filed "before the original motion is acted upon" if the court sets aside its order overruling the original motion before the twenty-day period expires. Nothing in the rule suggests that different considerations should be applied in determining what is timely for the

purpose of preserving points on appeal as opposed to determining the time for appeal. If the amended motion was timely filed, then the forty-five-day period set out in Rule 329b(3) for passing on the motion begins to run from the date the amended motion was filed.

Permitting the amended motion to govern the appellate timetable would not contravene Rule 5. Merely because a trial court enters an order which starts the time for appeal running does not preclude it from setting aside that order and entering a new order; the time for appeal runs from the latter order. In *City of West Lake Hills v. State ex rel. City of Austin,* 466 S.W.2d 722, 726–27 (Tex.1971), the supreme court held that a corrected judgment, which taxed costs not mentioned in the original judgment, effectively vacated the prior judgment, and the time for appeal ran from the second judgment. The supreme court has, however, held that a second rendition of the *same judgment* at a later date cannot affect the time for appeal; the time for appeal continues to run from the date of the first judgment if the sole effect of the second judgment is to increase the time for appeal. Only in that situation would it contravene Rule 5. *Anderson v. Casebolt,* 493 S.W.2d 509, 510 (Tex.1973). The distinction, then, is whether the trial court's order, which would restart the time for appeal, has an effect other than enlarging the time period. An amended motion for new trial does not only change the time for appeal; it is also necessary to preserve points of error not set forth in the original motion. *Twin City Fire Insurance Co.* at 375. The majority concludes that the purpose of the trial court's order here was to extend the time for appeal. However, the language in the order relied on merely states that the court's intention was to allow appellant "to timely file an Amended Motion for New Trial." The amended motion presented included an additional ground and would preserve that point on appeal if timely filed. Additionally, under the holdings in *City of West Lake Hills* and *Casebolt,* the controlling criteria is not the

subjective intent of the trial court; rather, the reviewing court must look to the effect of the order. Only if its sole effect is extension of time is it forbidden by Rule 5.

The cases relied on by the majority are distinguishable and are not controlling here. In *Chantre v. National Maritime Union Pension & Welfare Plan,* 425 S.W.2d 659 (Tex.Civ.App.—Beaumont 1968, no writ), the trial court attempted to reenter the same judgment, thereby extending the time for appeal. This is the same basis as that relied upon by the supreme court in *Casebolt,* which is not controlling because the amended motion raised an additional point and would not result *solely* in an enlargement of time. Recognition of the amended motions in *A. F. Jones & Son v. Republic Supply Co.,* 151 Tex. 90, 246 S.W.2d 853, 855 (1952) and *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 826–27 (1961), would have required recognition of acts done after the time set out in other rules had expired. In the case before us, the order setting aside the overruling of the original motion and the filing of the amended motion all occurred within the twenty-day period prescribed for filing amended motions for new trial. *A. F. Jones & Son* concerned a tardily filed motion for new trial; since the motion itself was a nullity for purposes of appeal, the trial court could not, merely by overruling it, make it valid so as to affect the time for taking the appeal. This is consistent with the holdings in *Valley Transit Co.* and *Miller.* Similarly, the amended motion in *Fulton* was not overruled until the forty-ninth day, clearly beyond the time prescribed by the rules. However, the court stated that orders determining motions for new trial "cannot be *un* determined after the 45-day period without destroying" Rule 329b(3). *Fulton* at 826. Clearly, the court contemplated that such orders could be "undetermined" within the forty-five-day period. It would be incongruous to allow an order which has been "undetermined" to control an appeal. Thus, the time for appeal must run from the time the amended motion is overruled. Of course, the trial court cannot violate the mandate of *Casebolt* by later overruling a motion which is identical to the original motion.

Unquestionably, a trial court retains jurisdiction of a case for thirty days after overruling a motion for new trial. Thus, within thirty days after a motion for new trial is overruled by operation of law, the court may set aside its original judgment and grant a new trial. *Thomas v. Gibbs,* 504 S.W.2d 630, 632 (Tex.Civ.App.—Dallas 1973, mandamus overruled); *Mercer v. Band,* 454 S.W.2d 833, 836 (Tex.Civ.App.— Houston [14th Dist.] 1970, no writ). The same rule should apply when a motion is overruled by a signed order. *See Leon & H. Blum v. Wettermark,* 58 Tex. 125, 127 (1882). In view of these decisions, it seems incongruous that the trial court lacks the power to set aside an erroneously entered order overruling a motion for new trial, as the majority holds. Rather, it logically follows that the plenary jurisdiction of the trial court permits it to set aside an order overruling a motion for new trial if the effect of the trial court's action is not solely to extend the appellate timetable and does not have the effect of extending its jurisdiction beyond the time limits prescribed in other rules.

In my view, the rules should be construed broadly so as not to deny an appellant his appeal or to restrict unduly his points of error on appeal unless the rules specifically require a contrary result. Our interpretation of the rules should not lay a trap for the unwary nor create an undue restriction on the scope of appeal.