**J.W. ESTES, Individually and as Administrator of the Estate of Kathleen Estes, Deceased, Appellant,**

v.

**Dean CARLTON, Appellee.**

No. 2–85–116–CV.

Court of Appeals of Texas,
Fort Worth.

May 7, 1986.

Woodburn & Sullivan, Jeff Kaplan, Dallas, for appellant.

Ron V. Berkowitz, Dallas, for appellee.

Before FENDER, C.J., and HILL and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION ON MOTION FOR DISMISSAL FOR LACK OF JURISDICTION

FENDER, Chief Justice.

Appellee, Dean Carlton, has filed a motion to dismiss this appeal for lack of jurisdiction. *See* TEX.R.CIV.P. 387(a). Appellee contends that appellant failed to perfect his appeal, *see* TEX.R.CIV.P. 363, by timely filing an appeal bond or affidavit in lieu of bond, or making a deposit of cash in lieu of bond within 30 days after the judgment was signed. *See* TEX.R.CIV.P. 356(a).

We grant the motion to dismiss.

Appellee contends that the trial court signed the judgment on November 14, 1984. The transcript contains one judgment: the judgment signed February 11, 1985.

Our initial determination is: which judgment is actually the final judgment of the

trial court from which an appeal is perfected?

Paragraph one of rule 306a of the Texas Rules of Civil Procedure, is as follows:

1. *Beginning of periods.* The date a judgment or order is *signed as shown of record* shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial ... and for filing in the trial court the various documents in connection with an appeal. . . .

TEX.R.CIV.P. 306a(1) (emphasis ours).

The findings of fact and conclusions of law filed by the trial court are as follows:

### FINDINGS OF FACT

1. This cause was submitted upon stipulated facts (a true copy being attached hereto as Exhibit "A") and such stipulated facts are my findings herein.

2. The Court signed a form of judgment on November 14, 1984, (a true copy being attached hereto as Exhibit "B") and mailed a letter to all counsel giving notice thereof (a true copy attached hereto as Exhibit "C").

3. The Court signed another form of judgment on February 11, 1985 (a true copy being attached hereto as Exhibit "D") and mailed a letter to all counsel (a true copy attached hereto as Exhibit "E").

4. The Court finds the facts stated above and as stated in said letters attached hereto.

5. No motion or hearing pursuant to rule 306a(5), T.R.C.P. has been filed or requested.

### CONCLUSIONS OF LAW

1. The opinion of the Supreme Court of Texas, 664 S.W.2d 322, is the law of the case.

2. Plaintiff is entitled to judgment in the amount of the claim of Dean Carlton, Agent, ($226,030.36 and accrued interest) be fixed, allowed and approved as a preferred debt and secured against the specific property (in Jack County, Texas described in Exhibit C to said claim) and to the net proceeds of $181,000 from the sale of such property; and that the Probate Court order, in the due course of administration, that J.W. Estes, Administrator of the Estate of Kathleen Estes, Deceased, and his sureties pay Dean Carlton Agent Plaintiff, the amount of Plaintiff's claim, not to exceed the amount of said net proceeds with interest thereon at six per cent per annum from May 10, 1979, the date of confirmation of such sale, said order to be subject to Probate Code, Sections 328 and 414; and that such judgment be certified to the Probate Court for its orders, in the due course of administration, in conformance therewith.

3. The letter of November 14, 1984, was the announcement and rendition of the judgment herein.

4. The form of judgment signed November 14, 1984, is, pursuant to Rule 306, T.R.C.P., the final judgment herein.

■ The findings of fact and conclusions of law reflect that a judgment was signed in November. We note that the November judgment is not attached to the court's findings as "exhibit B." However, the signed November judgment is before us as an attachment to appellee's motion to dismiss. We are able to consider this document because it is referred to by the findings of fact and conclusions of law of the trial court. *See* TEX.R.CIV.P. 406.

■ Therefore, we hold that there are two judgments "shown of record" in this cause. We further hold that because the February judgment was signed over 30 days after the November judgment was signed, and therefore was signed when the trial court no longer had plenary power over the November judgment, *see* TEX.R. CIV.P. 329b(d), the February judgment is of no effect. *Cf. Stonedale v. Stonedale,* 401 S.W.2d 725, 727–28 (Tex.Civ.App.—Corpus Christi 1966, no writ).

■ In order for appellant's appeal to have been timely, he must have filed his cost bond within 30 days after the Novem-

ber judgment was signed, TEX.R.CIV.P. 356, unless a motion for new trial had been filed. Appellant did not file a motion for new trial. The requirement that a cost bond be timely is jurisdictional, *see Davies v. Massey*, 561 S.W.2d 799, 801 (Tex.1978), and therefore we hold that appellant did not timely perfect his appeal.

Appellant next contends that the judge sent a letter to the attorneys of record giving notice of the November judgment, but that since it was sent to his former address, he did not receive notice of it and so it would be inequitable to dismiss his appeal. Appellant alleges that he did not actually learn of the judgment until sometime in January, 1985 and this is why an appeal was not perfected from the November judgment.

Appellant claims that we should look beyond rule 306a(1) to avoid the "incongruous result" of ruling that a judgment was rendered for the purposes of appeal before the judgment became a matter of public record, citing *Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860 (Tex.Civ.App.—Corpus Christi 1980, no writ). In *Ortiz* the court said:

It is undisputed that no announcement of the decision was made in open court. To determine the date of rendition, therefore, we must look to the date that a written memorandum of the judge's decision was filed with the clerk or *made public otherwise. Comet Aluminum Company v. Dibrell*, [450 S.W.2d 56 (Tex.1970)], *supra; Knox v. Long*, [152 Tex. 291, 257 S.W.2d 289 (1953)], *supra; Coleman v. Zapp*, [105 Tex. 491, 151 S.W. 1040 (1912)], *supra*. If the decision was announced by memorandum filed prior to the date the judgment was signed, then the filing date becomes irrelevant for purposes of appeal. Generally the appellate time table depends only on the date of signing. *Burrell v. Cornelius*, [570 S.W.2d 382 (Tex.1978)], *supra;* Rule 306a, T.R.C.P. If, however, the signing occurred prior to "announcement" of the decision, then we must look beyond Rule 306a to avoid the incongruous result of a ruling that the judgment

was rendered for appeal purposes before it was rendered at all.

The requirement that the decision be "announced" is an integral and necessary part of the concept of rendition. Otherwise, the time for appeal could expire before a judgment or order became a matter of public record, and a signed judgment or order which was lost or misplaced prior to its public announcement could foreclose a direct appeal. The public nature of rendition underlies the principle that charges parties and lawyers alike with notice of all orders and judgments rendered in a case. *See University of Texas v. Morris*, 163 Tex. 130, 352 S.W.2d 947 (1962); *Mayad v. Rizk*, 554 S.W.2d 835 (Tex.Civ.App.— Houston [14th Dist.] 1977, writ ref'd n.r. e.); *Pentikis v. Texas Electric Service Company*, 470 S.W.2d 387 (Tex.Civ.App. —Fort Worth 1971, writ ref'd n.r.e.).

Here, none of the court officials was able to determine when the decision became a matter of public record. *However, a decision announced by letter from the court to the parties when no announcement is made in open court or any memorandum filed with the clerk, would constitute rendition. See Kostura v. Kostura*, 469 S.W.2d 196 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.).

The date appearing on the judgment did not evidence actual rendition in this instance because it lacked the necessary element of public announcement. Rendition is, necessarily, a prerequisite before the date of signing can become a conclusive starting point for appeal purposes. *Id.* at 865 (emphasis ours).

We find that the lack of entry of the November judgment on the court's minutes does not render the judgment ineffective, because the decision was announced by letter. *See id.* Further, our holding does not provide an incongruous or inequitable result because appellant may still be afforded the opportunity to seek equitable relief if he should so desire, *see Dawson v. First Continental Real Estate Inv.*, 590 S.W.2d

560, 562 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), and because appellant also had a remedy under rule 306a(4), which became effective in 1984, after the *Ortiz* decision, which is as follows:

> 4. *No notice of judgment.* If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1)[1] except the period for filing a petition for writ of error shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX.R.CIV.P. 306a(4). Appellant does not give us sufficient facts for us to determine whether his appeal was timely perfected under rule 306a(4).

The motion to dismiss is granted.

---

1. See paragraph one, quoted earlier in the opinion.